# Wallace *v.* Pennsylvania Company, Appellant.

*Negligence—Damages—Earning power—Evidence.*

Where loss of earning power is one of the principal items of damages claimed in an accident case, the evidence presented should be sufficiently explicit to enable the jury to form an intelligent judgment. Earning capacity depends upon several matters, such as the age, health, occupation or business, habit of industry, manner of living, etc., of the party, and they should be disclosed to the jury.

*Negligence—Evidence—Parol testimony—Question for jury.*

When the right to recover in an accident case depends upon parol testimony it becomes a question for the jury, and the court cannot peremptorily instruct the jury to find for the plaintiff; and this is so

even where the defendant's liability is conceded, unless it appears of record.

*Negligence—Damages—Pain and suffering—Question for jury—Erroneous instruction.*

Damages for pain and suffering incident to an injury sustained can only be awarded upon sufficient proof; and if the proof is presented, it is the duty of the jury to consider and be guided by it in making up their verdict. It is error for the court to charge that "there is no evidence which can be used to modify verdicts when pain and suffering and deformity are the subjects of compensation." Such an instruction leaves the jury at liberty to ignore the evidence and to award such damages for pain and suffering as the jury, in their discretion, might think proper.

Argued Oct. 22, 1907. Appeal, No. 124, Oct. T., 1907, by defendant, from judgment of C. P. Lawrence Co., March T., 1906, No. 62, on verdict for plaintiff in case of Fred F. Wallace v. Pennsylvania Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Trespass to recover damages for personal injuries. Before PORTER, P. J..

Plaintiff presented the following points:

4. In determining the nature and extent of the plaintiff's injuries and whether he will be temporarily or permanently disabled and crippled, the jury will consider the injuries sustained by the plaintiff at the time of the accident and the present condition of his injuries, and if the plaintiff in the selection of his physicians, surgeons and nurse and in compliance with their directions, used reasonable care, the defendant is still responsible in damages for the injurious results to the plaintiff, although physicians and surgeons may differ as to what treatment was best under the circumstances. *Answer:* Affirmed. [2]

5. Under all the evidence in this case the plaintiff is entitled to recover and his damages for the injuries he has sustained consist of three items: First, his loss of earning power, whether temporary or permanent; second, the pain and suffering naturally resulting from his injuries; third, the expense to which the plaintiff is subjected to by reason of his injuries. *Answer:* Affirmed. [3]

Defendant presented these points:

3. That there is no sufficient proof in this case of the earn-ing power of plaintiff to authorize the jury to fix damages for a future loss of earning power. *Answer:* Refused. [4]

4. That the earning power of plaintiff is so poorly shown that the jury should exercise care and caution in allowing damages for loss of wages and services in the past since plain-tiff was injured. *Answer:* As stated we cannot affirm this point, but we say that we do not believe the court should de-termine the quality of proof as stated in this request, but leave the weight to be given to the testimony on this question wholly with the jury. But we do say that the jury should exercise care and caution in determining whether there be a loss in earning power, and, if so, is it the result of the original injury. And in allowing damages for the loss of earning power in the past, as well as the future, you should determine whether any, all or part of the loss of earning power is the result of a con-dition which is a sequence of the original injury. [5]

9. That there is not sufficient proof in this case showing the earning power of plaintiff to enable the jury to fairly estimate it and that part of the case should be withdrawn from the jury. *Answer:* Refused. [6]

Verdict and judgment for plaintiff for $14,750.  Defendant appealed.

*Errors assigned* were (1) answer to plaintiff's seventh's point, quoted in the opinion of the Supreme Court; (2–6) above in-structions, quoting them.

*Oscar L. Jackson,* with him *Charles R. Davis,* for appel-lant.—When the court below adopted this seventh point of plaintiff's it erred, as an examination of our own authorities will show: Collins v. Leafey, 124 Pa. 203; Phila., etc., R. R. Co. v. Adams, 89 Pa. 31; Penna. R. R. Co. v. Kelly, 31 Pa. 372; Penna. R. R. Co. v. Books, 57 Pa. 339; Goodhart v. R. R. Co., 177 Pa. 1; Linn v. Duquesne Borough, 204 Pa. 551.

Jury must have testimony to show to what extent plaintiff's earning capacity has been impaired in order to take it into account: Wallace v. Penna. R. R. Co., 195 Pa. 127; Mc-Hugh v. Schlosser, 159 Pa. 480; McKenna v. Citizens' Nat.

330   WALLACE *v.* PENNSYLVANIA CO., Appellant.

Gas Co., 198 Pa. 31; Wilkinson v. North-east Borough, 215 Pa. 486; Simpson v. R. R. Co., 210 Pa. 101.

*Robert K. Aiken,* for appellee.—The instructions were proper: Owens v. People's Pass. Ry. Co., 155 Pa. 334; Goodhart v. Railroad Co., 177 Pa. 1; Penna. & Ohio Canal Co. v. Graham, 63 Pa. 290; Steamship Co. v. Wood, 18 Pa. Superior Ct. 488; Smedley v. Ry. Co., 184 Pa. 620; Kyle v. Electric Light & Power Co., 174 Pa. 570; Coleman v. Southwick, 9 Johns. (N. Y.) 45.

OPINION BY MR. JUSTICE MESTREZAT, January 6, 1908:

The argument of appellant is confined to the first and third assignments of error and to the assignments raising the questions as to the sufficiency of the proof of earning power and the adequacy of the charge. The other assignments are not pressed.

In cases of this character the burden rests upon the plaintiff to show by sufficient evidence what loss of earning power he sustained by the injuries he received: McKenna v. Citizens' Natural Gas Company, 198 Pa. 31. Loss of earning power is one of the principal items of the damages which the plaintiff claims in this action, and the evidence presented should be sufficiently explicit to enable the jury to form an intelligent judgment. Earning capacity depends upon several matters, such as the age, health, occupation or business, habit of industry, manner of living, etc., of the party and they should be disclosed to the jury. In the case at bar more information could have been given the jury on the trial of the cause as to the plaintiff's earning capacity, but we are not prepared to say that there was not evidence to go to the jury on the subject and that the case should be reversed on that ground.

The objection to the adequacy of the charge is not well taken. We think the charge taken in connection with the learned judge's answers to the numerous points submitted was sufficient to give the jury an intelligent and comprehensive understanding of the questions involved in the case and their duties in considering and disposing of them.

Plaintiff's fifth point, the subject of the third assignment

of error, was predicated upon the defendant company's admission in the court below that it at no time questioned the right of the plaintiff to recover, and the point was simply intended, as expressed by plaintiff's counsel, "to specifically enumerate the items to which the plaintiff was entitled to compensation as laid down by this court." When the right to recover in any case depends upon parol testimony it becomes a question for the jury, and the court cannot peremptorily instruct the jury to find it as a fact. Even where the defendant's liability is conceded, unless it appears of record, it is not good practice for counsel to present a point for charge in the form of the one complained of in this assignment. If the purpose of the point in question was to direct the attention of the court to the proper elements of damage, a point should have been formulated expressing clearly that purpose without the request for peremptory instructions to find for the plaintiff.

The plaintiff's seventh point for charge, affirmed by the court below and the subject of the first assignment of error, is as follows: "In considering the damages you may award the plaintiff for pain and suffering, you will consider the pain and suffering he has already endured, bodily and mentally, and which he is likely to endure, and it is for you to determine what under all the circumstances should be allowed the plaintiff in addition to the other items of damage to which he is entitled, in consideration of the pain and suffering he has and will necessarily endure as a result of the accident; and there is no evidence which can be used to modify verdicts when pain and suffering and deformity are the subjects of compensation; there is no rule of law by which that can be measured and they are therefore left to the jury exclusively. What amount of money is sufficient compensation in such case is to be decided by the jury and it is the jury's sole prerogative."

Aside from any other objection which might be urged to the accuracy of the language used in this point it was manifest error for the court to charge that "there is no evidence which can be used to modify verdicts when pain and suffering and deformity are the subjects of compensation." Whatever may have been the construction of this language by the plaintiff's counsel or the meaning intended to be conveyed by it, it

is apparent that the jury would have been justified in construing it to mean that in compensating the plaintiff for the pain and suffering he endured, incident to the injury he sustained, they were not controlled by the evidence in the case, and were at liberty to ignore it and to award such damages for the pain and suffering as the jury, in their discretion, might think proper. If evidence cannot "modify verdicts," it logically follows that it need not be considered by juries in arriving at their verdicts; and hence may be disregarded in ascertaining the compensation to which the plaintiff is entitled by reason of pain and suffering. This would be giving the jury a latitude in awarding damages hitherto unknown in the trial of causes of this character, and is so clearly erroneous as to require a reversal of the judgment. Damages for pain and suffering incident to an injury sustained can only be awarded upon sufficient proof; and the proof having been presented, it is the duty of the jury to consider and be guided by it in making up their verdict.

The first assignment of error is sustained, the judgment is reversed and a new venire is awarded.