# Hobel *v.* Mahoning & Shenango Railway & Light Company, Appellant.

*Negligence—Street railways—Right-angled collisions—Crossing—Approaching car—Case for jury.*

1. In an action for damages for personal injuries sustained in a collision between a car and plaintiff's wagon at a right-angled crossing of the tracks of an electric railway at intersecting city streets, the case is for the jury where there is evidence on the part of the plaintiff tend-

ing to show that when his horses were right at or upon the track, the car which came upon him was 150 feet distant.

*Evidence—Earning capacity—Past employment in different capacity— Measure of damages—Net earning.*

2. In an action for damages for personal injuries it is error to admit testimony, against defendant's objection, as to the earning capacity of the plaintiff at a period seven years before the accident, while employed in an entirely different capacity.

3. To permit the plaintiff in a damage suit to show only the gross receipts of his business, in his testimony as to the amount of his damages, without deducting necessary costs and expenses, so as to arrive at his net earnings, and to offer no proof as to the loss of earnings by reason of the accident, must tend to mislead the jury, and is ground for a reversal of a judgment in his favor.

*Appeals—Paper-books—Specifications of error—Rule 31.*

4. Failure of counsel to observe rule 31 relating to the pages of the paper-book in preparing specifications of error, is sufficient ground for ignoring assignments.

Argued Oct. 11, 1910. Appeal, No. 192, Oct. T., 1910, by defendant, from judgment of C. P. Lawrence Co., Dec. T., 1908, No. 34, on verdict for plaintiff in case of Charles Hobel v. Mahoning & Shenango Railway & Light Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Reversed.

Trespass for personal injuries. Before PORTER, P. J.

The accident which caused plaintiff's injuries occurred at the intersection of Lyndal and Hamilton streets, in the city of New Castle. The plaintiff was driving west on the former street, and as he approached the house line of the latter, upon which defendant's tracks were laid, he testified that he stopped, looked and listened at a place where he could see 150 feet in the direction from which the car came. Hearing nothing he drove on. Then, he says, "I drove a little further over the sidewalk and looked, and couldn't see no car, then I drove further." His testimony was that he kept looking at intervals, but not until his horses were entering on the track did he see the car, coming at a high rate of speed about 150 feet away.

The body of the wagon in which plaintiff was driving was inclosed, having frame sides and end and a roof over all, with a door on each side and a window in front. Plaintiff was standing between these open doors in front of the seat when struck. There were trees lining the curb of Hamilton street. The accident occurred in the forenoon of July 16, 1908.

Verdict and judgment for plaintiff in the sum of $2,926.12. Defendant appealed.

*Errors assigned* among others were (1) in refusing binding instructions for defendant; (3) in admitting testimony of plaintiff as to his earnings when he worked in a mill seven years previously; (5) in overruling motion to strike out testimony of plaintiff, which motion was in part as follows:

Counsel for defendant moves the court to strike out that part of the testimony of this witness in which he testifies to the amount of money he made out of the milk business, $7.00 per day, as there is involved in that, according to his cross-examination, his own labor and the labor of his wife and children, two of them about of age; the use of the farm and the care of the dairy of eighteen cows and the delivery of the milk by horses and wagon, which would not be a profit of the labor or the effort of the plaintiff, and would not be the amount of money that he would take in; it would not even be the profits of the milk business, consisting of all these different things, and the labor of these different persons, and it is therefore not evidence of the measure of the depreciation of the power to earn but at most it relates to the money received and the profits made out of a business involving the labor of many persons and the use of the farm land and dairy of eighteen cows, horses, wagons and also other things.

Also to strike out the testimony of this witness as to the receipt of $300 or $400 a year from the farm, that being his testimony that the farm brought in from $300

to $400 per annum, when upon cross-examination it appears that there were himself, two boys of about full age, and three other children and his wife all helping to manage and conduct and operate the farm and that the $300 or $400 would not represent his earnings, but would represent what had been received from the crops raised on the farm by the labor of all.

*C. H. Akens,* of *Akens, Wilkison, Lockhart* and *Chambers,* for appellant.—As to the admission of testimony concerning the earnings of plaintiff in a different pursuit seven years before, cited: West Chicago St. R. R. Co. v. Maday, 188 Ill. 308; Chicago & Joliet Elec. Ry. Co. v. Spence, 213 Ill. 220; Olin v. Bradford, 24 Pa. Superior Ct. 7.

The evidence of the gross receipts, not representing the plaintiff's earnings, or even the exclusive product of his unaided labor, should not have gone to the jury: Peters v. Bessemer, etc., R. R. Co., 225 Pa. 307; McKenna v. Gas Co., 198 Pa. 31.

*Charles R. Davis,* with him *Oscar L. Jackson,* for appellee, cited as to measure of damages: Buckman v. P. & R. Ry. Co., 227 Pa. 277; Wallace v. Penna. R. R. Co., 195 Pa. 127; Hanover Branch R. R. Co. v. Coyle, 55 Pa. 396; Penna. R. R. Co. v. Dale, 76 Pa. 47.

OPINION BY MR. JUSTICE POTTER, January 3, 1911:

Upon the question of the negligence of the defendant and the contributory negligence of the plaintiff, there was evidence sufficient to take this case to the jury. The accident happened at a right-angled crossing of the tracks of the street railway of the defendant in the city of New Castle, and there is testimony upon the part of the plaintiff tending to show that when the horses were right at or upon the track, the car which came upon him was 150 feet away. Under these circumstances the court could not properly have said, as matter of law, that the plain-

tiff was guilty of contributory negligence in attempting to cross the street railway tracks. The first and second assignments therefore, which allege that the court below erred in refusing binding instructions, and in not entering judgment non obstante veredicto for the defendant, are dismissed. The trial judge did err, we think, in admitting testimony against defendant's objection, as to the earning capacity of the plaintiff at a period seven years before the accident, and while employed in an entirely different capacity. The time was too remote from the date of the accident, and the circumstances were very different. For these reasons we sustain the third assignment. There are other specifications which allege error in the admission of testimony as to the measure of damages sustained by the plaintiff, and these assignments we think must be sustained.

Plaintiff was engaged in the production and sale of milk, and in farming. At the trial no proof was offered of the amount of his earnings in his business, or as to the loss of earnings by reason of the accident. As we understand the evidence, he showed merely his gross receipts from the sale of milk, being the sum of $7.00 per day; and also his gross receipts from the sale of other produce of his farm. These amounts did not of course represent his net earnings, for they would not appear until the necessary costs and expenses had been deducted. The evidence does not show that any such deduction was made. The result of his testimony as to the amount of his damages must, therefore, have tended to mislead the jury. The instructions asked for in behalf of defendant, in the fifth and sixth points submitted for charge, should have been affirmed.

In the preparation of his paper-book, counsel for appellant lost sight of the requirements of rule 31; for several of his specifications of error which quote testimony admitted, contain no reference to the pages of the paper-book where the matter may be found in its regular order in the printed evidence. This would be sufficient ground

for ignoring these assignments. In a large record such as this, the failure of counsel to observe the rule entails considerable extra labor upon this court.

Owing to the failure to show plaintiff's net earnings, the judgment is reversed, with a venire facias de novo.