# Helmstetter *v.* Pittsburgh Railways Company, Appellant.

*Negligence—Evidence—Proof of loss of earning power.*

1. Loss of earning power is only one of the elements of damage in cases of personal injuries but it is an element which must be fairly proved before an allowance can be made therefor.

2. In an action to recover damages for personal injuries, in which the case was for the jury, it appeared that plaintiff for thirteen years prior to the time of the accident had been employed by the City of Pittsburgh as a foreman and as a special officer at a

salary of $75.00 per month. Plaintiff lost no wages by reason of the accident as the city paid him at the regular rate while he was disabled and continued him in his position afterwards at the same wages. The injuries sustained by the plaintiff resulted in the loss of the greater part of one hand and a finger from the other. Plaintiff offered evidence, which was admitted against objection, to show that some thirteen years before plaintiff had been employed as a stationary engineer. It was not shown what his earning capacity was at that time nor did it appear that he earned then more than he was afterwards paid while in the employ of the city. Evidence offered by the plaintiff was also admitted against objection to show the average rate of wages paid to stationary engineers at the time of the trial, which average was considerably higher than the wages which plaintiff was actually earning. Upon appeal it was held that this evidence was improperly admitted.

Argued October 31, 1913. Appeal, No. 63, Oct. T., 1913, by defendant, from judgment of C. P. Allegheny Co., Aug. T., 1910, No. 387, on verdict for plaintiff in case of Adam T. Helmstetter v. Pittsburgh Railways Company. Before Fell, C. J., Brown, Potter, Elkin and Moschzisker, JJ. Reversed.

Trespass to recover damages for personal injuries. Before Davis, J.

The opinion of the Supreme Court states the case.

Verdict for plaintiff for $3,000, and judgment thereon. Defendant appealed.

*Errors assigned* were in admitting certain evidence and certain instructions of the court.

*Walter M. Lindsay,* with him *Clarence Burleigh* and *William A. Challener,* for appellant.

*Rody P. Marshall,* of *Thomas M. & Rody P. Marshall,* for appellee.

Opinion by Mr. Justice Potter, January 5, 1914:

This was an action by the plaintiff to recover damages

for injuries sustained in a collision between a motor cycle on which he was riding and a car of the defendant company. He claims that he was riding upon a track ahead of the car, which came upon him from the rear, and struck the motor cycle, throwing him to the ground and inflicting injuries which resulted in the loss of the greater part of one hand and a finger from the other. The story of the plaintiff was corroborated by one witness. For the defendant, seven witnesses testified that the plaintiff was injured while attempting to pass upon his motor cycle from the side of the car to the track directly in front of it. The evidence of negligence upon the part of the defendant was however sufficient to justify its submission to the jury. The difference in point of view between the parties to this appeal is as to the method of proving loss of earning power in the plaintiff, due to his injuries. It was shown at the trial that for thirteen years prior thereto plaintiff had been employed by the City of Pittsburgh as a foreman and as a special officer at a salary of seventy-five dollars per month. He lost no wages by reason of the accident, as the city paid him at the regular rate while he was disabled, and continued him in his position afterwards at the same wages. So that in so far as his occupation in which he had been engaged for thirteen years was concerned, he suffered no loss in earning power. Not content with the facts in this respect, counsel for plaintiff offered evidence which was admitted against objection, to show that some thirteen years before, plaintiff had been employed as a stationary engineer. It was not shown what his earning capacity was at that time nor did it appear that he earned then more than he was afterwards paid while in the employ of the city. But evidence was offered against objection, to show the average rate of wages paid to stationary engineers at the time of the trial, and this average was considerably higher than the wages which plaintiff was actually earning.

Counsel for appellant have assigned as error the ac-

tion of the court below, in admitting evidence that plaintiff's injuries would prevent him from performing the duties of an engineer, and in admitting evidence as to the rate of wages paid to engineers at the time of the trial. We think the objections to this evidence were well taken and should have been sustained. If the inference intended to be drawn by the jury was as to plaintiff's earning capacity, when he was last employed as an engineer, thirteen years before, the time was too remote. If the desired inference was to be based upon the wages of engineers at the date of the trial, the evidence did not show plaintiff's earning power as an engineer at that time, or that it exceeded the wages he was and had been for years receiving from the city. The principle involved is in part analogous to that illustrated in Buck v. McKeesport,. 223 Pa. 211; and in Hobel v. Ry. & Light Co., 229 Pa. 507, where we held that evidence of what plaintiff was able to earn at a time remote from the accident was not admissible in determining earning power. In the present case, as noted above, the testimony fell short of showing that at the time of the injury or at the time of the trial, plaintiff's earning capacity as an engineer would have been any greater than it was as an employee of the city. If not, then admittedly he suffered no loss of earning power. Yet the testimony as to his ability to discharge the duties of an engineer could only have been intended to permit an inference to be drawn by the jury that plaintiff's earning capacity as an engineer was in excess of the compensation which he was actually receiving from the city at the time of the accident. No such inference was warranted. Whether plaintiff's employment as an engineer was steady and regular throughout the year did not appear; but when he gave it up and entered the service of the city, and remained therein for thirteen years, it is a fair inference that he considered employment by the city and its compensation more advantageous than the employment he was able to get as an engineer. Loss of earning power

is only one of the elements of damage in cases of personal injury, but it is an element which must be fairly proved before an allowance can be made therefor. The cases of Wallace v. Pennsylvania R. R. Co., 219 Pa. 327, and McKenna v. Citizens' Nat. Gas. Co., 198 Pa. 31, are instructive upon this point. The plaintiff here suffered no loss of earning power, if the comparison be made as to the actual compensation he was receiving before and after the injury. What he might have earned as an engineer had he been so employed at the time of the accident was mere conjecture. The estimates given by the witnesses as to the wages of engineers varied from the same amount which plaintiff was then receiving to considerably greater sums. But that plaintiff was capable of earning more than the minimum sum was not shown. If he was not, then he suffered no loss of earning power. The testimony shows that in his present position with the city, plaintiff is protected by the Civil Service Rules, so that he is not likely to lose his position, and has an advantage as compared with employment as an engineer for private parties.

We do not mean to be understood as holding that the particular calling in which one is engaged at the time of the injury, or the wage he may be then receiving, is to be regarded as exclusively fixing the standard in estimating loss of earning power. Lessened capacity to earn in any actually available occupation may be shown. But it must be shown by proper and satisfactory proof, and not left to mere conjecture. Measured by that standard we do not find here sufficient evidence of loss of earning power in plaintiff due to the injuries, to justify the submission of that question to the jury.

The judgment is reversed, with a venire facias de novo.