# Frysinger *v.* Philadelphia Rapid Transit Co., Appellant.

*Negligence—Street railways—Evidence — Medical testimony — Weight—Damages—Items of damage—Loss of earning power—Erroneous charge.*

1. Where in an action for personal injuries two physicians stated that plaintiff was suffering from neuritis, as a result of her injuries, one of whom stated that it was not likely that she would ever be entirely cured, but five physicians, including plaintiff's regular medical attendant testified that she did not have neuritis and was not permanently injured, a statement of the trial judge in his charge to the jury that "as in cases of this kind a great deal of medical testimony has been produced, and as usual about equally divided," was not only inaccurate but tended to minimize the force of the medical testimony, and may have led the jury to disregard it, and was ground for reversal.

2. Where in such case it appeared that two or three years previous to the accident plaintiff's occupation was that of professional pianist but that she had apparently abandoned such occupation, reversible error was committed in permitting the jury to take into consideration in their estimate of the damages, plaintiff's alleged loss of earning power, based on her earnings at the time when she

was actually engaged as a professional musician, in the absence of evidence that plaintiff had intended to resume her profession, or that any such intention was thwarted as a result of the accident and in the absence of medical testimony to show that plaintiff's earning power was lessened by the accident.

Argued Feb. 8, 1915.  Appeal, Nos. 212 and 213, Jan. T., 1914, by defendant, from judgment of C. P. Delaware Co., June T., 1913, No. 224, on verdict for plaintiff, in case of Edward J. Frysinger and Edna Carolina Frysinger, his wife, in the right of the said wife, v. Philadelphia Rapid Transit Company.  Before Brown, C. J., Potter, Elkin, Stewart and Frazer, JJ.  Reversed.

Trespass to recover damages for personal injuries.  Before Johnson, P. J.

The court charged the jury in part as follows: "She will also be entitled to be compensated in this case, we say to you, for the loss of her services.  It does not appear to be proven that there were any domestic services in which the husband is interested.  But she says she was a musician, up to two years ago, following it as a profession, and that she earned from fifteen to twenty dollars a week.  In passing upon this item you will remember that for two years she has not been engaged in this vocation or profession, whichever you call it.  Whether she ever would be engaged in it again, or intended to abandon it, we do not know.  To what extent this accident would have an effect upon her ability to teach it would be conjecture, largely, of course.  But you can take that into consideration in passing upon what will compensate her for her loss."  (6.)

Further facts appear by the opinion of the Supreme Court.

Verdict for plaintiff, for Edward J. Frysinger for $300 and for Edna Carolina Frysinger for $2,250 and judgment thereon.  Defendant appealed.

*Errors assigned,* among others, were (6) charge of court and others referred to in the opinion of the Supreme Court.

·*William I. Schaffer,* for appellant.—The learned court committed error in permitting the jury to take into consideration loss of Mrs. Frysinger's earning power as a pianist; it appearing that she had not practiced her profession for more than two years: Hobel v. Mahoning & Shenango Railway & Light Co., 229 Pa. 507.

The instruction complained of in the sixth assignment, left the question of damages to the jury without anything to guide their minds to the correct conclusion and left out of consideration the present worth of the loss of future earning power when capitalized in the present verdict; it was therefore erroneous: Smith v. Pennsylvania Railroad Co., 246 Pa. 370; Foley v. Philadelphia Rapid Transit Co., 240 Pa. 169; Bockelcamp v. Lackawanna & Wyoming Valley R. R. Co., 232 Pa. 66; Beck v. Baltimore & Ohio R. R. Co., 233 Pa. 344; Reitler v. Penna. R. R. Co., 238 Pa. 1; Ott v. Philadelphia, 235 Pa. 354; McGonigal v. Pittsburgh Rys. Co., 243 Pa. 47.

The instruction relating to the medical testimony complained of in the fourth assignment was inaccurate and misleading.

*Albert Dutton MacDade,* for appellees.—The instruction relating to the loss of earning power was proper: Willis v. Second Ave. Traction Co., 189 Pa. 430; Ruse v. Pittsburgh Rys. Co., 247 Pa. 295.

The fact that Mrs. Frysinger was not practicing her profession at the time of the accident is not material: Helmstetter v. Pittsburgh Rys. Co., 243 Pa. 422; Buck v. McKeesport, 223 Pa. 211; Hobel v. Mahoning & Shenango Ry. & Light Co., 229 Pa. 507.

OPINION BY MR. JUSTICE POTTER, May 26, 1915: ·
This was an action of trespass brought by Edward J.

Frysinger and Edna Carolina Frysinger, his wife, to recover damages for injuries alleged to have been sustained by the wife through the negligence of the defendant company. From the evidence offered on behalf of the plaintiffs it appears that on June 22, 1913, they were passengers on a trolley car of defendant company running from Chester to Media. While descending a hill on defendant's single track road they saw another car approaching on the same track. Fearing a collision, they jumped from the car and Mrs. Frysinger fell to the ground. She claimed that the result of the shock was to leave her in a nervous condition, which was manifested chiefly by neuritis in her left arm. Upon the trial, evidence was offered on behalf of plaintiffs which established the facts of the accident, and medical testimony was offered tending to show the extent of Mrs. Frysinger's injuries. Defendant did not dispute the testimony as to the accident, but submitted evidence tending to show that Mrs. Frysinger did not suffer from neuritis, but that her condition was properly described as neurasthenic, due largely to excitement caused by the pending litigation, which would probably pass away after the trial. The questions of defendant's negligence and plaintiffs' contributory negligence were submitted to the jury, who found a verdict in favor of plaintiffs. From the judgment entered thereon defendant has appealed.

In the fourth assignment of error, counsel for appellant allege that the court below erred when it said to the jury, "as in cases of this kind a great deal of medical testimony has been produced, and as usual about equally divided." It is suggested that in using this language, the court inadvertently, but practically intimated to the jury that the medical testimony was of little value, as it made about as much in favor of one side as the other. We think the statement did tend to minimize the force of the medical testimony, and it may have led the jury to practically disregard it. To say that the medical testimony was about equally divided, was hardly accurate. It ap-

pears from the record, that two physicians testified that Mrs. Frysinger had neuritis, and one of them said that it was not likely that she would ever be entirely cured. But on the other hand, five physicians, including her regular medical attendant, who was called by plaintiffs in the first instance, testified that she did not have neuritis, was not permanently injured, and probably would be well as soon as the litigation was ended. The preponderance of the medical testimony was in favor of the contention of defendant, and this should have been pointed out to the jury, leaving to them the credibility of the witnesses, and the final determination of the question whether the weight of the evidence was upon one side or the other.

In the eleventh assignment of error, the question is raised, whether as proof of loss of earning power, evidence was properly admitted as to the amount which Mrs. Frysinger was able to earn as a professional pianist, at a period some two or three years prior to the accident. She had not engaged in this occupation for that length of time, and had apparently given it up, and there was no evidence that she intended to resume it. There was no medical testimony as to her inability to teach music. One of the physicians was of the opinion that she might suffer pain during a period of some two years, but he did not testify that it would be such as to affect her earning power. Yet under the charge, the jury were at liberty in estimating the damages to take into consideration this alleged loss of earning power, based on her earnings at a previous period, when she was actively engaged as a professional musician. In referring to her occupation as such, the trial judge said to the jury, "Whether she would ever be engaged in it again, or intended to abandon it, we don't know.......To what extent this (her condition) would have an effect upon her ability to teach, would be conjecture, largely, of course. But you can take that into consideration in passing upon what will compensate her for her loss." Yet the evidence

showed that Mrs. Frysinger had not for two or three years been earning anything, and that she was at the time of the accident, a married woman, living with her husband. Nor was it shown that she had any intention of resuming her old occupation, or that any such intention was thwarted, as a result of the accident. Nor did it appear what the probabilities were of her being able to secure employment at her former occupation, in case she did wish to resume it. It is true that in proving loss of earning power, as an element of damage in case of personal injury, lessened capacity to earn in any available occupation may be shown, but it must appear by proper and satisfactory proof, and the amount of the loss must not be left to mere conjecture. Helmstetter v. Pittsburgh Rys. Co., 243 Pa. 422. With respect to the earning power of Mrs. Frysinger at the time of the accident, and as to the amount of its reduction by anything resulting therefrom, we feel that in submitting this case to the jury altogether too much was left to conjecture.

The fourth, sixth and eleventh assignments of error are sustained, and the judgment is reversed, with a venire facias de novo.