Wiley *v.* Moyer et al., Appellants.

Argued May 7, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, BARNES and PATTERSON, JJ.

*Roger B. Johnson,* for appellants.

*Martin E. Cusick,* of *Service, McNeal, Cusick & Isenberg,* for appellee, was not heard.

OPINION BY MR. JUSTICE BARNES, June 24, 1940:

Plaintiff brought suit to recover damages for personal injuries sustained when struck by an automobile owned by defendants and operated by their servant in the course of his employment. The case was submitted to the jury, which rendered a verdict in his favor of $5,227. The court below refused to grant a new trial, and judg-

ment was entered upon the verdict. The sole question upon this appeal is whether the trial judge erred in admitting certain testimony on behalf of plaintiff relative to his earning capacity.

The accident occurred on April 26, 1937. At that time plaintiff was forty-three years of age, and employed by the Works Progress Administration, taking care of lanterns on a street construction project. He was receiving a monthly wage of $75. He testified that he had been working for the Works Progress Administration "ever since it started." For several years prior to that time his employment had been irregular. He had performed odd jobs, such as hauling cans and ashes, had worked as a trucker for a contractor in the town of Sharon, Mercer County, and "for a while" had a position with another contractor in Akron, Ohio. When questioned further about his previous employment, he testified as follows: "A. The last real steady work, or employment, I had, was working for the Hailman Coal & Coke Company, at Adamsburg, Pennsylvania. Q. When did you leave that employment? A. In 1928."

The defendants' counsel requested that the testimony in regard to the Hailman Coal & Coke Company be stricken from the record as too remote to have any bearing upon the earning capacity of plaintiff at the time of the accident. This motion was denied. Without further objection the plaintiff was then permitted to testify that he had been engaged as a coal miner for sixteen years prior to 1928, at an average monthly wage of from $220 to $290.

Defendants also moved to strike out testimony of the plaintiff that he was to have started work on the morning of the accident with the Carnegie-Illinois Steel Corporation, and the testimony of F. P. Zahn, a superintendent of the corporation that he had hired plaintiff as a "pair heater" at an approximate wage of $208 per month, directing him to report for a physical examination on the day the accident occurred. Defendants con-

tended that this employment was contingent upon plaintiff's passing the physical examination, and the evidence was therefore too speculative to be considered.

We are of opinion that it was proper to submit to the jury the testimony that plaintiff had secured a position with the steel corporation. The witness Zahn testified as follows: ". . . on the day of the 23rd, he came to me and asked me for work, and I told him that if he would come back the following week in the morning, we would put him to work." When asked whether he observed that plaintiff then had any physical disability, he answered: "Well, I wouldn't have hired him if I had thought that, because he would have had to submit to a physical examination." While it is true that it was essential that plaintiff pass the physical examination, nevertheless this evidence was admissible. Even though plaintiff had not yet entered upon his new employment, the mere fact that he was otherwise qualified for the position was relevant as bearing upon his earning capacity at the time of the accident.

In *DeHaas v. Penna. R. R. Co.*, 261 Pa. 499, plaintiff, who was injured as a result of defendant's negligence, had completed a four-year course in forestry at State College a year prior to the accident, but had not taken up that work. At the trial he was permitted to introduce testimony as to the minimum salary of a graduate forester in connection with evidence that the accident had disabled him from pursuing that occupation. Upon appeal to this Court, we said (p. 503): "As plaintiff was a graduate forester and capable of entering upon that work it was not error to show its minimum wage, although he had never actually been so employed." Certainly, the testimony in the present case is of even greater evidential value to establish plaintiff's earning power because it relates to his ability to obtain an actually available position and not merely to his qualifications for an indefinite future employment.

On the other hand, the testimony of plaintiff's work

as a coal miner during the year 1928 and for a period of years prior thereto was too remote in point of time to be competent proof of his capacity as a wage earner when the accident occurred. We held in *Hobel v. Mahoning & S. Ry. & Light Co.,* 229 Pa. 507, 511: "The trial judge did err, we think, in admitting testimony against defendant's objection, as to the earning capacity of the plaintiff at a period seven years before the accident, and while employed in a different capacity. The time is too remote from the date of the accident, and the circumstances were very different."

Recently we said in *Rooney v. Maczko,* 315 Pa. 113, 119: "It is a matter of common knowledge that while rates of wages do not ordinarily change suddenly and, barring sickness or accident, a man's earning power is not likely to be suddenly diminished, yet during a period of years there may be a substantial change both in rates of wages and in actual earning power. Evidence of what a man earns several years before the basic event must be excluded as possessing too little probative value as to the earning power impaired."

In *Buck v. McKeesport,* 223 Pa. 211, it was held that plaintiff's salary or wages earned at a time twenty-three years before the accident would afford an unsafe basis upon which to determine the value of her services at the time of the accident. In *Helmstetter v. Pitts. Rys. Co.,* 243 Pa. 422, testimony of the amount plaintiff earned thirteen years before the injury was held to be too remote. And, in *Frysinger v. Phila. R. T. Co.,* 249 Pa. 555, it was held that evidence of the earnings of plaintiff two years before her injury, at a profession which she had since abandoned, was inadmissible. It is clear, therefore, that the testimony here offered to show plaintiff's wages as a coal miner nine years prior to the accident, had no evidential value, particularly in view of the fact that plaintiff apparently had no intention of resuming that occupation.

However, we are of opinion that the admission of this

evidence, though erroneous, does not afford grounds for reversal because the question of its exclusion was not properly raised in the court below. Although the record shows that counsel for the defendants objected to the testimony of plaintiff that his "last real steady work, or employment" was with the Hailman Coal & Coke Company in 1928, no objection was made to his subsequent statements as to the duration of that employment and the compensation that he received. As no motion was made for the exclusion of the only portion of this evidence that was prejudicial, its admission cannot now be assigned as error. See *Harrah v. Montour Railroad Co.,* 321 Pa. 526.

The defendants concede that plaintiff was permanently and almost totally disabled as a result of the negligence of their servant, and there is no complaint that the verdict was excessive. Plaintiff was entitled to recover for loss of wages, decreased earning capacity, any expenses which he incurred, and in addition thereto, damages for the pain and suffering to which he was subjected. From our careful review of the record we are in accord with the conclusion of the court below that the verdict fairly reflects the items of recovery to which plaintiff was justly entitled and that it does not rest upon an erroneous determination of his earning capacity which would justify us in setting it aside.

The judgment is affirmed.