## Kenmuir *v.* Pittsburgh, Appellant.

Argued March 25, 1943. Before MAXEY, C. J.; DREW, LINN, STERN, PATTERSON, PARKER and STEARNE, JJ.

*Thomas E. Barton,* Assistant City Solicitor, with him *Anne X. Alpern,* City Solicitor, for appellant.

*Harry A. Estep,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, April 22, 1943:

This was an action in trespass brought by William Kenmuir, appellee, to recover damages for personal injuries sustained by him when he was struck by a garbage truck of the City of Pittsburgh.

As a result of his injuries appellee sustained a partial permanent disability of the right arm and fingers of the right hand. Prior to the accident he had been employed as a private secretary and stenographer and was able to take dictation at the rate of 225 words per minute, but since the accident he can take only 60 to 70

words and cannot lift anything with his right hand weighing more than 10 or 15 pounds. On the question of future earnings and impairment of earning power, the trial judge excluded evidence of earnings by appellee more than six years before the date of the accident, but allowed evidence of his qualifications as a stenographer and secretary, and instructed the jury that they might properly consider such qualifications as bearing upon appellee's earning capacity at the time of the accident, stating as follows: ". . . his future earning power is impaired and he in the future will not be able to pursue the profession for which he was trained and which he did follow at some time in the past." Following a verdict for appellee in the sum of $5,000. the City of Pittsburgh, appellant, filed a motion for a new trial on the ground that it was error to allow the jury to consider appellee's professional qualifications in the absence of evidence as to his earnings in that vocation within the six-year period immediately preceding the accident. The motion for new trial was refused after argument thereon, judgment was entered in accordance with the verdict, and this appeal was then taken.

The exclusion of the evidence as to the amount of appellee's earnings in the capacity of stenographer and private secretary at a period of six years before the accident was entirely proper. As said in *Rooney v. Maczko,* 315 Pa. 113, 119: "It is a matter of common knowledge that while rates of wages do not ordinarily change suddenly and, barring sickness or accident, a man's earning power is not likely to be suddenly diminished, yet during a period of years there may be a substantial change both in rates of wages and in actual earning power. Evidence of what a man earned several years before the basic event must be excluded as possessing too little probative value as to the earning power impaired." See also *Wiley v. Moyer,* 339 Pa. 405, 409. But it does not necessarily follow from these decisions, as urged by appellant, that appellee's qualifications as a secretary

and stenographer should likewise have been excluded from consideration merely because he was not so employed at the time of the accident. Nor can such position be sustained. The rule, as stated in *Frysinger v. Phila. R. T. Co.*, 249 Pa. 555 (p. 560), is that "in proving loss of earning power, as an element of damage in case of personal injury, lessened capacity to earn *in any available* occupation may be shown . . ." Thus it has been held the jury might properly be permitted to consider, as bearing on loss of earning power, the fact that the injured was a qualified forester and capable of entering upon that work, although he had never actually been so employed: *DeHaas v. Penna. R. R. Co.*, 261 Pa. 499. See also *Wiley v. Moyer*, supra, 408; *Brink v. Kessler*, 310 Pa. 506, 508; Restatement, Torts, section 906, comment (c).

In its opinion the court below states: ". . . considering the grievous nature of the injury, the protracted hospitalization, the pain and suffering still endured, we believe the verdict was fair and reasonable . . . We would not expect a new trial to have a result more favorable . . ." A careful review of the entire record leads us to concur with these views. The verdict fairly reflects the items of recovery to which the appellee was rightly entitled and cannot be regarded as resting upon an erroneous determination of his earning capacity which would justify our setting it aside.

Judgment affirmed.