**ABRAHAM v. GENDLIN.**

No. 9618.

United States Court of Appeals
District of Columbia Circuit.

Decided Feb. 7, 1949.

882

Mr. W. Cameron Burton, of Washington, D. C., with whom Mr. Thomas B. Heffelfinger, of Washington, D. C., was on the brief, for appellant.

Mr. William J. Rowan, of Washington, D. C., for appellee.

Before STEPHENS, Chief Judge, and WILBUR K. MILLER and PROCTOR, Circuit Judges.

PROCTOR, Circuit Judge.

This appeal is from a judgment of the District Court in favor of plaintiff (appellee) in a negligence action growing out of injuries from falling through a trapdoor in defendant's (appellant's) store. No question is raised here as to the negligence, but several points are made as to the trial court's action in dealing with evidence and instructions to the jury.

Two weeks before the accident appellee had opened a dry cleaning shop, to which he was to contribute his own labor. He had installed all machinery and equipment except a cleaning unit, which he was negotiating for and about to purchase when the accident occurred. A broken leg and sprained knee required him to be hospitalized. Upon his return to the shop his disabilities prevented him from operating a cleaning machine for many months. Therefore, he deferred the purchase of one and sent the garments of his customers to a wholesaler, so-called, for the cleaning process.

■ After qualifying testimony by appellee, the court allowed him to give expert testimony as to what it would have cost per unit to clean garments with a machine in the shop, exclusive of his labor. This testimony, coupled with evidence as to the number of garments sent to the wholesaler during the period of disability, and the cost of having the garments cleaned outside, if believed by the jury, would tend to reflect in a fairly accurate way the amount appellee could have saved had he done the work himself. Thus would be shown as to that class of work the value of appellee's labor lost by reason of his injury and consequent inability to operate the machine himself. Conversely, it would show an increased item of cost—actual out of pocket expense, directly resulting from the disability of appellee. Appellant objected to this line of evidence as uncertain, speculative and contingent; also as an attempt to prove loss of profits without any basis of comparison because the business had just begun. We see nothing in the nature of the evidence to bar it upon any of the grounds stated. It was relevant and competent; its credibility and weight were for the jury to determine.

■ The contention, repeatedly urged in the trial and stressed here on appeal, that the foregoing evidence was an attempt to prove loss of profits, is, we think, based upon a misconception. There was no specific claim of profits lost and no attempt to prove the same. Therefore, the court was right in refusing a prayer, offered by appellant, to instruct the jury that in assessing damages they should not consider loss of profits. There was no factual basis for an instruction of that kind.

■ The repeated references to lost profits in the course of trial seems to have led the court into an unfortunate use of the term in his charge to the jury, when he told them in effect that they should not award damages for loss of profits, as such, but might consider evidence of any loss of profits as bearing on the reasonable value of the time lost by appellee. Obviously, in speaking of lost profits the court was referring to the evidence we have outlined concerning the increased cost of cleaning garments. There was no other subject to which it could have been related. Doubtless the jury so understood it and were not misled by the inaccurate use of words. No person of reasonable intelligence could have misunderstood. So we must assume that the jury were not misled, for certainly we should accredit to its members a reasonable measure of intelligence and understanding.

■ In further proof of the value of his earning power, appellee was allowed, over objection, to testify to his income for two years preceding the accident as manager of a dry cleaning establishment and as a teacher. Appellant contends that his earning power in those occupations could have no logical bearing upon his earning power

in conducting the dry cleaning shop. We think, however, that the weight of authority and reason supports the admission of testimony as to prior earnings, even when there has been a change in occupation. Pawlicki v. Detroit United Ry., 191 Mich. 536, 158 N.W. 162; Southern Ry. Co. v. Stockdon, 106 Va. 693, 56 S.E. 713; Wiley v. Moyer, 339 Pa. 405, 15 A.2d 145, 130 A. L.R. 161, 164. There can be no better way to prove a man's earning power than by past performance. It reveals by actual test his capacity to make money. To cut off such proof because of recent change of occupation would in many cases work a grave injustice to an innocent victim of another's wrong.

■ We think the remaining points made by appellant are without merit. The testimony of salesmen that preceding the accident appellee was examining cleaning machines and negotiating for a purchase was clearly admissible as corroborative of his own testimony that he was about to buy one when the accident occurred. Appellee's testimony as to loss of customers during a period of disability when he could not operate the apparatus to clean spots from garments, although of no significance standing alone, was a supporting circumstance to other evidence tending to prove the basic fact of appellee's loss of earning power. It follows also that the court's action was proper in refusing a prayer designed to bar the jury's consideration of this evidence and in charging them that they might consider it as bearing upon the value of the time lost by appellee.

■ Underlying the several contentions of appellant is the argument that the evidence in proof of appellee's loss of earning power was in its nature uncertain, speculative and remote. We think this criticism can best be answered by reference to the opinion of Justice Sutherland in Story Parchment Co. v. Paterson Parchment Paper Co., 282 U.S. 555, 51 S.Ct. 248, 75 L.Ed. 544. As the court points out, there is a clear distinction between the measure of proof necessary to establish the fact of damage and the measure of proof necessary to enable the jury to fix the amount. 282 U.S. 555, at page 562, 51 S.Ct. 248, at page 250, 75 L.Ed. 544. Further, the court says, "Where the tort itself is of such a nature as to preclude the ascertainment of the amount of damages with certainty, it would be a perversion of fundamental principles of justice to deny all relief to the injured person, and thereby relieve the wrongdoer from making any amend for his acts. In such case, while the damages may not be determined by mere speculation or guess, it will be enough if the evidence show the extent of the damages as a matter of just and reasonable inference, although the result be only approximate. The wrongdoer is not entitled to complain that they cannot be measured with the exactness and precision that would be possible if the case, which he alone is responsible for making, were otherwise. Eastman Kodak Co. v. Southern Photo Materials Co., 273 U.S. 359, 379, 47 S.Ct. 400, 71 L.Ed. 684." * * * "As the Supreme Court of Michigan has forcefully declared, the risk of the uncertainty should be thrown upon the wrongdoer instead of upon the injured party. Allison v. Chandler, 11 Mich. 542, 550-556." Then follows this quotation from Judge Christiancy in that case, "And when, from the nature of the case, the amount of the damages can not be estimated with certainty, or only a part of them can be so estimated, we can see no objection to placing before the jury all the facts and circumstances of the case, having any tendency to show damages, or their probable amount; so as to enable them to make the most intelligible and probable estimate which the nature of the case will permit." 282 U.S. at page 564, 51 S.Ct. at page 251, 75 L.Ed. 544.

We are convinced, after careful consideration, that this case was fairly tried within the principle thus laid down by the Supreme Court, and that there was no error operating to the substantial prejudice of appellant. Therefore, the judgment is affirmed.