**BRANDON v. CAPITAL TRANSIT CO.**

No. 883.

Municipal Court of Appeals for the
District of Columbia.

Argued January 25, 1950.

Decided Feb. 23, 1950.

Andrew W. Carroll, Washington, D. C.,
for appellant.

William H. Clarke, Washington, D. C.,
with whom Richard W. Galiher and William E. Stewart, Jr., Washington, D. C.,
were on the brief, for appellee.

Before CAYTON, Chief Judge, and
HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Appellant's 1939 Ford truck, used in his
radio repair business, was struck and damaged by one of appellee's streetcars. Appellee requested appellant to obtain and
submit to it three estimates of cost of repairs. One such estimate, in the amount
of $106.65, was approved by appellee and
repairs were authorized to be made in accordance therewith. Actual repairs amounted to $152.25, the increase over the estimate being due to certain damage not discovered when the estimate was made. Ap-

pellee refused to pay the repair bill but offered to pay the amount of the estimate. According to appellant's testimony, he was financially unable to pay the bill and after several unsuccessful efforts to borrow the money he finally raised the necessary funds by placing a chattel trust on the truck. He thus secured release of the truck sixteen days after the repairs were completed. At trial appellee conceded liability, leaving the amount of damages as the only issue. Appellant claimed three items of damages: cost of repairs $152.25; loss of use of the truck for 27 days $270; and finance charges on the loan secured to pay for repairs $58. The trial court, sitting without a jury, awarded judgment for appellant for $152.-25, the cost of repairs. The court in its general finding stated no reason for disallowance of the claim for loss of use. Appellant's position is that the judgment in his favor is inadequate.

By the great weight of authority, one whose commercial vehicle is damaged by the neglect of another is entitled to recover the reasonable cost of repairs together with the value of its use during the period reasonably required to repair it.[1] In the instant case appellant's truck was damaged by the admitted fault of appellee. Thirteen days, including Sundays and holidays, elapsed from the time the truck was damaged until it was repaired. No claim is made that this period was unreasonably long under the circumstances. Appellant therefore was entitled to some damages for loss of use, if there was any evidence on which to determine the measure of such damages.

An expert testified that trucks are rented in the District on a tonnage basis without regard to year, make or model, and that appellant's truck would fall in the lowest classification and would rent for $5.-50 per day, plus 50 cents per day for insurance, plus 7 cents for each mile operated. On cross-examination he said that due to the competitive nature of the business his company had only late model trucks for rent and had no 1939 trucks, but if it had such a truck it would nevertheless be rented on a tonnage basis. In the absence of evidence to the contrary, we think this constituted evidence of the rental value of appellant's truck. While rental value is not the measure of use value, it is evidence thereof.[2] This evidence, together with appellant's testimony that the truck was used in his business and while it was being repaired he was compelled to use borrowed cars, taxis, and streetcars, was sufficient evidence to require the award of some damages to appellant for loss of use. When the fact of damage is established with certainty, difficulty in ascertaining the exact extent thereof should not shut off all recovery.[3]

There remains the question of appellant's right to recover for loss of use for the period from the time the repairs were completed until he was able to raise the money to pay for the repairs. In our opinion recovery for loss of use must be limited to the reasonable time the owner is deprived of the use as the proximate and natural result of the damage to the vehicle. Loss of use during the time reasonably required for repairs is as much a proximate result of defendant's negligence as is the cost of repairs, but we think it cannot in reason be said that loss of use due to the owner's financial inability to pay for the repairs is a proximate result of such negligence. Appellant relies strongly on Valencia v. Shell Oil Co., 23 Cal.2d 840, 147 P.2d 558, wherein, although the repairs to the vehicle cost only $222.30, the owner was allowed to recover $4,416.67 for loss of use for a period of seventeen months, because of his inability to pay for the repairs. With due respect to that authority,

1. Annotation, 169 A.L.R. 1074. See also Brooks Transp. Co. v. McCutcheon, 80 U.S.App.D.C. 406, 154 F.2d 841; Eschinger v. United Mut. Fire Ins. Co., D.C. Mun.App., 61 A.2d 725.

2. Pope's Adm'r v. Terrill, 308 Ky. 263, 214 S.W.2d 276; Crain v. Sumida, 59 Cal.App. 590, 211 P. 479; Dettmar v. Burns Bros., 111 Misc. 189, 181 N.Y.S. 146.

3. Cook v. Packard Motor Car Co. of New York, 88 Conn. 590, 92 A. 413, L.R.A. 1915C, 819. Cf. Abraham v. Gendlin, 84 U.S.App.D.C. 307, 172 F.2d 881.

the rule of damages there applied does not commend itself to us. Application of that rule may result in an award of damages altogether disproportionate to the injury to the vehicle or to the total value of the vehicle itself. There are authorities holding that damages for repairs and loss of use cannot exceed in amount the value of the vehicle before injury.[4] We need not go that far, but we do hold that the period for which compensation is awarded for loss of use cannot be extended beyond the time reasonably required to make repairs by conditions strictly personal to the owner. It is also our opinion that the cost of repairs cannot be enlarged by adding thereto the cost of securing a loan to pay for such repairs.

The case will be remanded for a new trial on the sole issue of damages for loss of use.

Remanded for new trial in accordance with this opinion.

4. Southern Ry. in Kentucky v. Kentucky Grocery Co., 166 Ky. 94, 178 S.W. 1162; Langner v. Caviness, 238 Iowa 774, 28 N.W.2d 421, 172 A.L.R. 1135; Lamb v. Landers, 67 Ga.App. 588, 21 S.E.2d 321. Contra: Doolittle v. Otis Elevator Co., 98 Conn. 248, 118 A. 818.