## Akers v. Martin

*William S. Dick,* for plaintiffs.
*Gregory L. Kiersz,* for defendant.

EPPINGER, *P.J.*, February 7, 1980—Randy and Pamela Akers are husband and wife and they have filed a trespass action against Gerald Wayne Martin.

Pamela's is the first cause of action; it alleges an automobile accident in which Pamela was injured and in which Martin was the driver of the other car. In the second cause of action, Randy states that at the time of the accident he was not married to

Pamela but that he has since married her and that in the future he may be deprived of her assistance, companionship and society.

The preliminary objections filed by Martin are in the nature of a motion to strike both causes of action and a demurrer to Randy's, the latter on the ground that it does not set forth a recoverable cause of action.

As to Pamela's cause of action, defendant has moved to strike paragraphs 6, 7 and 8 because they state conclusions of law. While we agree that such terms and phrases as "carelessly, recklessly, negligently" (Paragraph 6), "drove his car in violation of existing statutes and ordinances" (Paragraph 7), and "due solely to . . . negligence and carelessness" (Paragraph 8), are often used as conclusions of law, we do not believe they need be stricken in this case. Plaintiff has specified in these same paragraphs defendant's actions which form the basis of her claim; the material facts have been alleged. Thus, defendant is not harmed by the inclusion of these words. A pleading which sets forth such material facts as to make out a cause of action is sufficient even though it contains conclusions of law: Pichcuskie v. Antonio, 27 Northumb. 108, 111 (1955); 2A Anderson Pa. Civ. Prac. §1019.10. Plaintiffs' conclusions are to be considered harmless surplusage which may be ignored. See, e.g., Home Builders Association of Metropolitan Pittsburgh v. Allegheny Co. Plumbing Board, 50 D. & C. 2d 275, 281 (1970); Lynch v. Hoover, 3 D. & C. 2d 686, 689 (1955). Accordingly, defendant's motion to strike these paragraphs of the complaint will be denied.

Apparently at the time this accident happened

plaintiffs were planning to get married. Because of it, their wedding had to be postponed. In paragraph 13 of the complaint, Pamela asks to be reimbursed for expenses incurred because the wedding was not held at the time it was planned. These expenses include long distance telephone tolls (apparently to let people know they should not come), some food repreparation costs and the rent and utilities for their apartment, unused until the wedding actually occurred. Defendant moves to strike this paragraph as not including recoverable damages.

Generally a person who is injured in an accident is entitled to recover expenses incurred because of the injury: Goodhart v. Pennsylvania Railroad Company, 177 Pa. 1, 14, 35 Atl. 191 (1896); Wiley v. Moyer, 339 Pa. 405, 410, 15 A. 2d 145, 147 (1940); Smith v. Borough of East Mauch Chunk, 3 Pa. Superior Ct. 495, 503 (1897). Our difficulty in this particular matter is that actually plaintiff did not incur some of these expenses because of the accident. Some were items that she had to pay for which she had already contracted. The telephone tolls and the cost of repreparation of food are expenses occasioned by the accident. The rent and utilities she would have had to pay whether she had the accident or not. If she lived at some other place during her period of recuperation and incurred expenses which she would not have had had she lived in the apartment, then those would be the expenses which she incurred because of the accident. For these reasons, we will strike the items of rent and utilities in paragraph 13.

Defendant demurs to Randy's cause of action and we will sustain that because we agree with defendant that since Randy and Pamela were not married

328

at the time of the accident, even though they were to be married in three days and the wedding was postponed for one and one-half months due to Pamela's injuries, Randy has no cause of action.

In Pennsylvania it is clear that a husband cannot recover for loss of consortium of his wife where the cause of action arose prior to the marriage: Donough v. Vile, 61 D. & C. 460 (1947); Sartori v. Gradison Auto Bus Co., Inc., 42 D. & C. 2d 781 (1967); Rockwell v. Liston, 71 D. & C. 2d 756 (1975).

## ORDER

And now, February 7, 1980, in accordance with our opinion we deny defendant's motion to strike paragraphs 6, 7 and 8 of the complaint, we grant the motion to strike the rent and utilities items in paragraph 13 of the complaint, but deny the motion as to the telephone tolls and repreparation of food. In this connection if plaintiff is able to plead actual expenses incurred for housing and utilities, we will permit her to plead over for that purpose.

We sustain the demurrer to Randy E. Aker's cause of action.

We grant plaintiff Pamela J. Akers 20 days from this date to file an amended complaint. If none is filed, then defendant has 20 days from the expiration of the 20-day period granted to Pamela J. Akers to file her amended complaint in which to file his answer, if one is desired.