S. KNUDSON, SHERIFF, v. JULIA M. PARKER ET AL.

FILED OCTOBER 7, 1903.   No. 12,115.

Review: ESTOPPEL. A party who objects to evidence and causes it to be excluded can not obtain a reversal of the judgment as unsupported for want of the evidence so excluded.

ERROR to the district court for Phelps county: ED L. ADAMS, JUDGE. *Former judgment of reversal vacated and judgment of district court affirmed.*

SEDGWICK, J.

At the former hearing the judgment of the lower court was reversed for the reason, as stated in the opinion (3 Neb. (Unof.) 481), that "the record fails to disclose any evidence showing the *bona fides* of Parker's claim." Upon this rehearing, it was pointed out that the plaintiff upon the trial below offered to prove that the notes and mortgage under which he claimed were given for money loaned by the plaintiff to Snow Brothers, who executed the mortgage, and upon the objection of the defendant this evidence was excluded by the court. It appears from the record that the plaintiff in his direct evidence proved the execution and delivery of the notes and mortgage, and that immediately upon their execution he took possession of the property mortgaged. The defendant then proved the attachments of the Symms Grocery Company and the United States National Bank against Snow Brothers, and the delivery of the writs to the defendant, as sheriff, for execution, and his levy upon the property in question. It was also shown that there was due to the bank on its claim against Snow Brothers the sum of $2,407.55 and interest, and to Symms Grocery Company $1,318.48 and interest. In rebuttal the plaintiff produced a witness and propounded questions in regard to the consideration for the notes and mortgage, which was objected to on the ground that it was not proper rebutting testimony, and the objection sustained, to which plaintiff excepted. The plaintiff then offered to prove by the witness that Snow Brothers in making the mortgage to the plaintiff "had no intention of cheating or defrauding their creditors" and "that the notes secured by the chattel mortgage given by Snow Brothers to Mr. Parker (the plaintiff) were given for money borrowed by them from the said Parker." This evidence was objected to on the ground that it was not proper rebutting testimony; the objection was sustained, and the evidence excluded. The defendant, who is now the plaintiff in error, in his brief says, "we, therefore, must admit

that plaintiffs made a *prima facie* case by their evidence in chief." It would seem that there is just ground for this admission, and it follows that the objection to evidence offered as not proper in rebuttal was not well taken, so that the plaintiff in error is in the position of asking for a reversal of the judgment of the trial court for the want of evidence which he himself caused to be excluded. He complains that the most important question in the case has not been tried, and that in the interests of justice the judgment ought to be reversed, so that the question of the good faith of the mortgage can be investigated. It is, of course, conceded that the proper time for this investigation was upon the trial already had. The plaintiff below sought to have this investigation in that trial, and the defendant below, who is now complaining of this judgment, prevented that investigation. By his conduct upon the trial he has committed himself to the position that a just determination of the case did not require the investigation of the consideration for these notes, and he clearly can not now change that position and insist that the parties be put to the expense and annoyance of another trial to investigate that question. Bigelow, Estoppel (3d ed.), 601.

It is insisted that the offer of proof was not broad enough and that if the matters offered had been proved the evidence would still be insufficient to support the verdict. But no proof of good faith of the parties in executing and receiving the notes and mortgage in question could be satisfactory or sufficient without showing the consideration, and this evidence, having been properly offered and refused, such ruling in effect excluded all evidence of good faith in the transaction. This is particularly so when evidence that the mortgagors had no intention of cheating or defrauding their creditors was also offered and excluded. This would seem to exclude all investigation of the question of fraud in the execution of the securities.

It is insisted that there are other errors in the record which require a reversal of the judgment. There is in the

original brief a considerable discussion of the force of the evidence in showing fraud in the transaction as bearing upon the contention of the plaintiff in error that the verdict is not supported by the evidence, but in answer to this argument it is sufficient to say that if it had been shown that the notes and mortgage were executed to the plaintiff for full consideration paid therefor, and without any intention on the part of Snow Brothers to defraud their creditors, the whole evidence in the record would not have been insufficient to support the verdict.

Eight of the instructions to the jury are, in a general way, challenged as erroneous, and error is assigned upon the refusal of several requested instructions, but we do not find any error of the court in these rulings.

Other points discussed in the brief are not raised by the petition in error. Rulings of the court which are mentioned in the brief as erroneous are not shown to be so; no reasons are given for some of the objections urged, and we do not find any error requiring a reversal of the case.

The judgment entered upon the former hearing is vacated and the judgment of the district court is

AFFIRMED.