# Zimmerman *v.* Weinroth, Appellant.

*Negligence—Damages—Evidence—Experts — Opinion — Disease result of injury—Loss of earning power.*

1. When expert testimony is relied on to show the connection between an alleged cause and a certain result, it is not enough for the doctors to say simply that the ailment in question might have resulted from the assigned cause, or that the one could have brought about the other; they must go further and testify at least that, taking into consideration all the attending data, it is their professional opinion the result in question most probably came from the cause alleged.

2. Where it is equally probable that the disease resulted from two or more causes, for only one of which defendant is responsible, there can be no recovery.

3. The loss of earning power and its amount must appear by proper and satisfactory proof and not be left to conjecture.

4. Where a widow has not worked for wages for many years, but resided with her adult children, and kept house for them, it is reversible error for the court, in an action to recover damages for personal injuries to her, to submit to the jury the question of her loss of earning power, where there is no proof as to the value of the services which she did or could perform.

5. In such case, evidence that a daughter temporarily left her own employment to care for the mother and do the housework, and that the latter promised to pay the daughter wages she thereby lost, while proper as showing the mother's damages during that time, did not tend to establish her earning capacity, as the daughter's general employment was entirely different.

6. The mere fact that plaintiff was not a wage earner, prior to the accident, will not prevent her recovering for loss of earning power.

Argued January 5, 1922. Appeal, No. 31, Jan. T., 1922, by defendant, from judgment of C. P. No. 2, Phila. Co., Dec. T., 1919, No. 6153, on verdict for plaintiff, in case of Minnie Zimmerman v. Benjamin Weinroth. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Trespass for personal injuries.  Before BARRATT, J.
The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $4,000.  Defendant appealed.

*Errors assigned* were portions of charge (1) leaving to jury whether there was a causal connection between injury and disease, and (2) permitting jury to consider compensation for loss of earning power, quoting record.

*Ralph B. Evans,* of *Evans, Bayard & Frick,* for appellant.—The evidence was insufficient to connect the pneumonia with the accident: Blasband v. Transit Co., 42 Pa. Superior Ct. 325; Moss v. Transit Co., 42 Pa. Superior Ct. 466; Dialesantro v. Phila. Co., 47 Pa. Superior Ct. 339; Dumbluskey v. P. & R. C. & I. Co., 270 Pa. 22; Miller v. Director Gen. Railroads, 270 Pa. 330; Fink v. Axle & Spring Co., 270 Pa. 476.

The jury should not have been permitted to consider loss of future earning power: Frysinger v. Transit Co., 249 Pa. 555; McGonnell v. Ry., 234 Pa. 396; Kleine v. Rys., 252 Pa. 214.

*Robert M. Bernstein,* with him *Herman D. Levinson,* for appellee, cited: Dickson v. Hollister, 123 Pa. 421; McCafferty v. R. R., 193 Pa. 339; Dumbluskey v. P. & R. C. & I. Co., 270 Pa. 22; Kleine v. Ry., 252 Pa. 214.

OPINION BY MR. JUSTICE WALLING, February 6, 1922:

This is an appeal by defendant from a judgment for plaintiff in an action for personal injuries.  On January 2, 1920, plaintiff, while walking across Front Street, at Tioga Street, Philadelphia, was knocked down and hurt by defendant's automobile, under circumstances indicating the latter's liability for the injury thus inflicted.  Plaintiff, a heavy woman, fifty-six years of age, was rolled along the street about twelve feet, sustaining injuries, including a fracture of two ribs.  In about

three days she developed pneumonia, which the evidence tends to show left her in a permanent state of partial disability. The experts called on behalf of plaintiff, including the attending physician, attributed the pneumonia to the accident, their testimony being, in effect, that the accident was the proximate predisposing cause of the pneumonia, while its immediate cause was the latent germs springing into activity by reason of plaintiff's weakened condition; in other words, that it was a case of traumatic pneumonia. The preponderance of medical testimony is that such disease may result from an injury; in fact, we held the evidence warranted that conclusion in Dumbluskey v. P. & R. C. & I. Co., 270 Pa. 22. The quantum of evidence necessary to support such finding is stated by the Chief Justice, in Fink v. Sheldon Axle & Spring Co., 270 Pa. 476, 479, that, "when ......expert testimony is relied on to show the connection between an alleged cause and a certain result, it is not enough for the doctors to say simply that the ailment in question might have resulted from the assigned cause, or that the one could have brought about the other; they must go further and testify at least that, taking into consideration all the attending data, it is their professional opinion the result in question most probably came from the cause alleged." In the present case, the opinion of plaintiff's experts came fully up to the rule as just quoted. True, defendant's experts were of a contrary opinion, but that made a question for the jury, to whom it was properly submitted. Of course, where it is equally probable that the disease resulted from two or more causes, for only one of which defendant is responsible, there can be no recovery (Bruggeman v. York, 254 Pa. 430, 435; Miller v. Director Gen. of R. R., 270 Pa. 330), but whether this case came within that class was for the jury.

Plaintiff is a widow and resides in a home with her adult children, where, prior to the accident, she did the house work and was supported by them, but had not been

a wage earner since her marriage thirty-four years before. There was no proof as to the value of the services she did or could perform, yet the trial judge submitted to the jury the question of her loss of earning power; this was error, for it enabled the jury to base a verdict upon a mere guess or conjecture, which cannot be done: see Peters v. Bessemer, etc., R. R. Co., 225 Pa. 307. The loss of earning power and its amount must appear by proper and satisfactory proof and not be left to mere conjecture: Frysinger v. Phila. R. T. Co., 249 Pa. 555, 560. The value of such services as plaintiff performed prior to the accident, and of such as she could perform thereafter, was the subject of proof, without which no recovery for diminution thereof can be sustained (Kost v. Ashland Borough, 236 Pa. 164), for, before an allowance can be made for loss of earning power, it must be fairly proved: Helmstetter v. Pitts. Rys. Co., 243 Pa. 422. "Earning power which is to be compensated in such cases must necessarily be the subject of substantive proof" (Boggess v. Railroad Co., 234 Pa. 379, 390), without which it is error to submit that question to the jury: McKenna v. Gas Co., 198 Pa. 31. While proof of the age, health and habits of the party injured is competent in such cases, yet standing alone it does not afford a sufficient basis upon which to rest a verdict. There is an exception, from necessity, where a child, too young to have earning capacity, is killed or injured: O'Hanlon et al. v. Pittsburgh Rys. Co., 256 Pa. 394, 396, and cases there cited. In case of partial disability there must also be evidence to show to what extent plaintiff's earning capacity has been impaired: Wallace v. Railroad Co., 195 Pa. 127. True, in the present case, plaintiff's daughter temporarily left her own employment to care for the mother and do the housework, and the latter promised to pay the daughter the wages she thereby lost. While this might be proper as showing plaintiff's damages during that time it did not tend to establish her

earning capacity, as the daughter's general employment was entirely different.

The mere fact plaintiff was not a wage earner, prior to the accident, will not prevent her recovering for loss of earning power.

The judgment is reversed and a venire facias de novo awarded.