## Longden *v.* Conestoga Transportation Company, Appellant.

Argued December 5, 1933. Before Frazer, C. J., Simpson, Kephart, Schaffer, Drew and Linn, JJ.

*John E. Malone,* with him *G. T. Hambright* and *Windolph & Mueller,* for appellant.

*W. H. Brown,* of *Bard & Brown,* for appellee.

Opinion by Mr. Justice Drew, January 2, 1934:

On the afternoon of October 17, 1930, plaintiff and his son, a boy seventeen years of age, were returning by automobile to their home in California from New York by way of the Lincoln Highway. As they approached the village of Slaymakertown, Lancaster County, they noticed a trolley car of the defendant company about a quarter of a mile ahead of them, proceeding in the same direction on a track parallel to and just off the left edge of the concrete highway, which was 20 feet wide. Their speed was 30 to 40 miles an hour, that of the trolley 15 to 20 miles an hour. Hence they rapidly approached the trolley, and when they were 20 to 25 feet away, it sud-

denly, without stopping and without any warning being given, started to cross the highway immediately in front of them. In order to avoid the collision which was imminent, plaintiff's son, driving the car, turned abruptly to his right; the car struck a telephone pole and upset, and plaintiff was severely injured. This action, brought to recover compensation for plaintiff's injuries and the damage to the car, resulted in a verdict and judgment for plaintiff, and defendant appealed, assigning certain trial errors and the refusal of its motions for judgment n. o. v. and for a new trial.

Defendant contends that judgment should have been entered in its favor despite the verdict, for the reason that no negligence was shown on its part, and because plaintiff was guilty of contributory negligence. In determining whether defendant's motion for judgment should have been granted, we are bound to view the testimony in the light most favorable to plaintiff. So viewing it, we must take as true plaintiff's testimony that the trolley did not stop before entering the crossing, and that no signal was given that it was about to cross. It was the duty of the motorman to act with reasonable care for the safety of those using the highway. On these facts, we cannot say as a matter of law that he did. Nor can we say as a matter of law that plaintiff was guilty of contributory negligence. He testified that there was no indication of the crossing as they approached it. This statement is supported by photographs introduced in evidence by defendant, which show that the appearance of the highway at that point is indeed very deceptive; there is no street intersection, but only a crossing of a single track from one side of the highway to a private right of way leading diagonally away from the highway on the other side. The track is embedded in the concrete; the rails are flush with the surface of the road and are barely discernible in the photographs. On this evidence, the failure of plaintiff and his son to see the crossing does not prove as a matter of law that they did not exercise

reasonable care. Counsel have not discussed the question of imputed negligence, and it is not necessary for us to do so, since it cannot be said as a matter of law that either plaintiff or his son was negligent under the circumstances.

In defendant's case, it was testified that about 250 feet from the crossing, in the direction from which plaintiff approached, there was a large sign painted upon the highway, consisting of black and white squares and the word "SLOW" conspicuously displayed in letters two feet high, indicating a railway crossing ahead. Defendant contends that plaintiff disregarded this warning, that the speed of the car was not reduced, and that he was therefore guilty of contributory negligence. The only testimony as to the existence of such warning sign at the time of the accident was given by witnesses for the defendant. No mention was made of it in plaintiff's case, and plaintiff and his son neither admitted nor denied its existence, but simply stated that they saw no sign. However, it was for the jury to determine whether or not the sign was there at the time of the accident, since the credibility of the witnesses who testified as to its presence was a matter which only they could pass upon: Nanty-Glo Boro. v. Am. Surety Co., 309 Pa. 236, and cases there cited. The learned trial judge definitely instructed the jury that if the sign did exist, and its warning was disregarded, plaintiff was guilty of contributory negligence. Certainly he could not properly go further than this. The alleged contributory negligence of plaintiff was necessarily a question for the jury; on the whole case, it had to be submitted.

The learned court erred, however, in refusing defendant's fourth point, which was to the effect that plaintiff had failed to produce sufficient legal proof of his earning power, and was therefore not entitled to recover anything for such alleged loss. The plaintiff, a practicing lawyer, testified that he "made" $5,600 in 1930 up to the time of the accident, and claimed that that amount rep-

resented his earning power for a like period. He admitted, on cross-examination, that he fixed this amount because his bank book, which he did not produce, showed that he had earned that sum. He was unable to tell from what clients he had received that amount in fees. He admitted that he kept books, but he did not have them with him. When requested to state his expenses, he said that he paid $50 a month office rent, but that he could not give an account of his other office expenses, because his wife paid his bills and he did not know what they were. In other words, he stated his gross earnings without giving his expenses, which of course would have to be deducted in order to determine his net income, which alone would show his earning power. The case having been thus submitted, the jury was put in the position of having to engage in pure guesswork to determine the amount of plaintiff's expenses, without which it could not determine his net earnings and thereby his earning power. This cannot be supported by logic or law. Loss of earning power must be shown by proper and satisfactory proof, and not left to mere conjecture: Helmstetter v. Pgh. Rys. Co., 243 Pa. 422; Frysinger v. P. R. T. Co., 249 Pa. 555; Zimmerman v. Weinroth, 272 Pa. 537. It is therefore necessary to sustain the fourth assignment of error and award a new trial.

Judgment reversed and a venire facias de novo awarded.