The facts are stated in the opinion by SOFFEL, J., of the lower court, as follows:
The instant actions in trespass were tried together. The facts may briefly be stated as follows:
On June 2, 1940, at approximately 4:30 p. m., Andrew Petruski, Sr., his son, Andrew Petruski, Jr., the latter's wife, Eleanor, and their minor children, Dorothy and Raymond, were riding in an automobile operated by Andrew Petruski, Jr. The said automobile was traveling in a westerly direction on the Buttermilk Hollow Road, which leads over Lincoln Place, in the City of Pittsburgh, to the village of Thompson Run, in Mifflin Township, Allegheny County, Pennsylvania. The ambulance of Robert V. Anderson, now deceased, was traveling in an easterly direction on said road and was attempting to make a right turn to the south into the driveway of the Linde Air Products Company. A collision occurred between the ambulance of the defendant and the automobile of Petruski. Andrew Petruski, Sr., received a fractured skull and a severe brain concussion and died at 3:30 a. m. the following morning. Certain injuries were sustained by the other plaintiffs. These actions were brought to recover damages.
We shall consider first the action in which Anna P. Revak, administratrix of the estate of Andrew Petruski, Sr., also known as Andrew Petruska, Sr., is plaintiff and Catherine C. Anderson, Executrix of the estate of Robert V. Anderson, deceased, is defendant. The jury returned a verdict in this case in favor of the plaintiff in the sum of $5618.00. The case is now before the court on a motion ex parte defendant for a new trial for the reasons that there was no competent evidence of earnings or *Page 67 
earning power, on the part of the decedent, Andrew Petruski, Sr., and that the verdict of $5618.00 was a capricious verdict without foundation of fact.
Counsel for plaintiff elected in the instant case to proceed under the survival Act of July 2, 1937, P. L. 755, as evidenced by plaintiff's amendment to the original statement of claim, and by the further fact that at the trial of the case counsel for plaintiff agreed to limit the damages to conscious pain and suffering and the pecuniary loss to decedent's estate occasioned by loss of earnings and earning power. Thus the elements of damage the jury had to consider were restricted, first, to conscious pain and suffering for a very limited period, and, second, loss of earnings or earning power.
At the trial of the case, Anna Revak, daughter of the deceased Andrew Petruski, Sr., testified that she was 41 years of age and that her father was 56 at the time of his death, and a carpenter by occupation. On cross examination she finally admitted that the decedent was at least 60 or 62 when he died. The age of the deceased was not definitely established. Counsel for the defendant argues that there is therefore no evidence on which life expectancy may be based. There was also evidence that the administratrix of the estate had stated to the Coroner of Allegheny County that the decedent at the time of his death was retired.
The only evidence on the record as to the earnings of the deceased comes from one of his sons, Joseph Petruski, who at the time of the trial was 25 years of age. The testimony of said Joseph Petruski is contradictory. He testified on direct examination that his father had been a carpenter and that he had worked with his father; that immediately prior to the accident he had worked with his father for about a month or five weeks on a repair job in McKeesport for a Mr. Bernstein; that over a period of years he had helped his father build and remodel houses and do repair work. Since his father was unable to read or write English, Joseph testified that he had helped him figure out bids; that his father *Page 68 
made $1.25 an hour, working eight hours a day, five or six days every week during nine months of the year — three months were excepted because of winter. On cross examination he stated that he took care of the books and the figuring on the work that was being done at the time of his father's death; that he had worked with him building houses as late as a year before his death, but he had no records of bids and no record of any job on which he had worked with his father. Any written agreements that were made were made in a squire's office and none were kept. Although he stated that he kept the hours of time and had a book for that purpose, he did not produce it at the trial. He was unable to give the names of people or the location of specific construction jobs to which he had referred in direct examination. He testified as follows (Testimony, p. 64):
"I worked with him but not on big jobs, I worked with him on little jobs because when I worked on big jobs I just helped him, just was learning the trade from him. I was not old enough to.
Q. Then you didn't prepare the contracts and things of that nature? A. No, sir, we didn't have nothing to do with the contracts. Q. As a matter of fact you worked very little with your father, isn't that true? A. Yes, sir.
(Page 65)
Q. As a matter of fact you don't know how many hours a day he worked or how many weeks out of a month, or how many months out of a year? A. When I worked with him I did. Q. How long ago was that? Long before his death? A. A year. I worked with him a month before he died on repair jobs."
At page 67 of the testimony he admitted that no contract work or paper work or figures were involved. He testified at page 69 as follows:
"Q. Was your father working to your knowledge the week before this accident? A. Yes, sir. Q. Where? A. I don't know where he was working but he was working somewhere. He was doing some patching up jobs. *Page 69 
(Page 70)
Q. Can you give us the location of one house that your father put up within two years of his death? A. I can't think."
Another son, John Petruski, testified that he worked with his father six years prior to the accident.
It is to be noted that Joseph Petruski was not living with his father at the time of the accident, and that the child with whom he had been living did not testify as to the work done by his father, or the condition of his health.
Examining the record in its entirety we are convinced that the loss of earning power was not established by proper and satisfactory evidence.
"In a case of this kind the damages must be proved by the best evidence the case is susceptible of. While the defendant cannot exact the pecuniary loss sustained, plaintiff, on the other hand, is not entitled to have mere conjecture, either in the witness box or jury room, accepted as a substitute for proof": Rice v. Hill, 315 Pa. 166, 172, 172 A. 289; Longden v.Conestoga Transportation Company, 313 Pa. 561, 169 A. 884;Zimmerman v. Weinroth, 272 Pa. 537, 116 A. 510.
This is not a case in which the court can reduce the verdict by way of remittitur, as there is nothing upon which it could predicate such action. We therefore are of the opinion that a new trial must be granted.
We shall consider now the other two cases, to wit: Raymond Petruski, and Dorothy Petruski, minors, by Andrew Petruski, Jr., their guardian, and Andrew Petruski, Jr., parent, in his own right, vs. Catherine C. Anderson, executrix of the estate of Robert V. Anderson, deceased, and Eleanor Petruski and Andrew Petruski, Jr., her husband, vs. Catherine C. Anderson, executrix of the estate of Robert V. Anderson, deceased. After counsel for defendant had filed his motion for new trial in the case of Andrew Petruski, Sr., counsel for the plaintiffs filed motions for new trials in these cases for the reasons that the verdicts are inadequate. *Page 70 
In the case of Raymond Petruski and Dorothy Petruski, minors, by Andrew Petruski, Jr., their guardian, and Andrew Petruski, Jr., parent, in his own right, the jury returned a verdict in favor of the plaintiffs in the sum of $300.00 — awarding $150.00 to each minor. The minor Raymond, according to the doctor was cut under the chin and had a contusion of the chest. His mother, however, complained of things that the doctor did not mention. The minor plaintiff, Dorothy, was awarded $150.00 for a contusion over the left eye and on the right knee. We cannot agree with counsel for the plaintiffs that these verdicts are inadequate. The jury weighed the entire evidence and returned what to us seem to be fair verdicts. We see no reason to disturb them and under all the evidence do not consider them inadequate. The motion for a new trial in this case must therefore be refused.
In the case of Eleanor Petruski and Andrew Petruski, Jr., her husband, the jury returned a verdict in favor of the plaintiffs in the sum of $500.00 — awarding Eleanor Petruski $275.00 and Andrew Petruski, Jr., $225.00. Mrs. Eleanor Petruski suffered a contused shoulder and a fracture of a small bone in the wrist. Her husband, Andrew Petruski, Jr., was allowed $225.00 to pay for repairs to the automobile, which he claimed he owned, and a doctor bill of $75.00. The court sees no reason to disturb this verdict. The motion for new trial must therefore be refused.
Plaintiff appealed.
The judgment is affirmed on the opinion of Judge SOFFEL of the Court below. *Page 71