## 34992. AMERICAN SECURITY LIFE INSURANCE CO. *v.* GRAY.

DECIDED FEBRUARY 4, 1954—REHEARING DENIED FEBRUARY 17, 1954.

674

*Guy Tyler, Marvin O'Neal, Jr.*, for plaintiff in error.
*Alex McLennan, Cullen M. Ward*, contra.

TOWNSEND, J. The amended motion for a new trial contains one special ground, complaining of the admissibility of certain evidence. The very splendid brief of able counsel for the plaintiff in error, however, is confined to a discussion of the general grounds and no reference is made to the special ground. The brief of counsel for the defendant in error sets up that the special ground has been abandoned by the plaintiff in error, to which assertion there is no reply. Accordingly, the special ground of the motion for a new trial is treated as abandoned.

It is conceded by counsel for the plaintiff in error that the evidence is in conflict as to the proximate cause of the collision which resulted in the injury to the defendant in error, and that the jury by its verdict has settled the question to the effect that the negligence of Floyd Shelby was the proximate cause thereof. The contentions of the plaintiff in error are (1) that the evidence was insufficient to fix liability upon it, and (2) that the evidence affirmatively shows that the relation between it and Floyd Shelby was that Shelby was an independent contractor within the meaning of the law. In this connection, the brief further states: "Therefore, this case, as stated, depends for its determination upon the construction and applicability of Code § 105-501 and § 105-502 (5) to the evidence in the case."

Code § 105-501 provides: "The employer generally is not responsible for torts committed by his employee when the latter exercises an independent business, and in it is not subject to the immediate direction and control of the employer." Code § 105-502 provides in part as follows: "The employer is liable for the negligence of the contractor. . . (5) If the employer retains the right to direct or control the time and manner of executing the work; or interferes and assumes control, so as to create the relation of master and servant, or so that an injury results which is

traceable to his interference." It follows, therefore, that if Shelby was an independent contractor as contended by the plaintiff in error, under the terms of Code § 105-501 the employer (plaintiff in error) is not liable unless there was such interference and assumption of control on its part as to make it liable under the provisions of Code § 105-502 (5). It is well recognized that merely taking steps to see that the contractor carries out his agreement, by supervision of the intermediate results obtained, or reserving the right of dismissal on grounds of incompetence, is not such interference and assumption of control as will render the employer liable. *Atlanta & F. R. Co.* v. *Kimberly,* 87 *Ga.* 161 (3) (13 S. E. 277); *Louisville & Nashville R. Co.* v. *Hughes,* 143 *Ga.* 75 (67 S. E. 542); *Lee* v. *Atlanta, B. & A. R. Co.,* 9 *Ga. App.* 752 (72 S. E. 165). Where, however, an employer interferes to the extent that an injury results which is traceable to his interference, the employer is liable. *Johnson* v. *Western & Atlantic R. Co.,* 4 *Ga. App.* 131 (2) (60 S. E. 1023). Also see *International Agricultural Corp.* v. *Suber,* 24 *Ga. App.* 445 (2) (101 S. E. 300), which holds: "An employer is liable if he so interferes with or assumes control over work being done by an independent contractor as to create the relation of master and servant."

While the contract between the plaintiff in error and the solicitor for insurance, Shelby, provided in part that "The agent shall be free to exercise his own judgment as to the persons from whom he will solicit applications and the time and place of solicitation," a consideration of the evidence discloses that he was directed by Nabors, the State manager of the plaintiff in error, by whom he was employed and under whose supervision he worked, to operate in a certain territory allotted to him, to call on names furnished by lead cards, which names were in some instances forwarded by the home office and in others resulted from telephone or other inquiries, and to attend regular morning staff meetings. It further appeared that the plaintiff in error paid for Shelby's license, furnished him all literature and selling aids, required him to own an automobile as a condition of employment, and, particularly, that at the time of the collision Shelby was on his way to interview a prospective customer whose name had been given him at the office on a lead card. The testimony

of both Shelby and Nabors showed without dispute that, had Shelby without justifiable cause or excuse failed to comply with the above requirements, his services would have been terminated.

In *Gulf Life Insurance Co.* v. *McDaniel*, 75 *Ga. App.* 549 (43 S. E. 2d 784), it appeared that there, as here, the contract of employment stipulated that the insurance solicitor should receive as full compensation commissions on premiums paid by insureds, and that the contract might be terminated on notice. The solicitor there was assigned a regular debit area for the sale of health and accident insurance, and most of his time was confined to that area, that as to it he was a servant of the company, that it was not decided whether or not in the sale of ordinary life insurance he was equally a servant, but, where he left his debit area to make a sale of life insurance, and was returning to that area to resume duties connected with it, although he was not yet within the area, the relation of master and servant existed so as to make his employer liable for injuries resulting from his negligent operation of his automobile. It follows, therefore, that the evidence relating to interference and assumption of control on the part of the employer is stronger in the case at bar than in the *McDaniel* case, supra, for which reason the evidence here would also pose a jury question as to the relationship between the parties.

The servant was acting within the scope of his employment at the time of the collision of the automobiles resulting in injuries to the defendant in error. See, in this connection, *Hampton* v. *Macon News Printing Co.*, 64 *Ga. App.* 150 (12 S. E. 2d 425); s. c. 192 *Ga.* 623 (15 S. E. 2d 793). In contradistinction, the evidence in *Morris* v. *Constitution Publishing Co.*, 84 *Ga. App.* 816 (67 S. E. 2d 407), including the contract in that case, demanded a finding that the relationship of employer and independent contractor, rather than master and servant or principal and agent, existed between the parties.

The trial court did not err in denying the motion for a new trial.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*