Carroll et ux., Appellants, *v.* Pittsburgh Railways Company.

Argued November 14, 1962.   Before Rhodes, P. J., Ervin, Wright, Watkins, Montgomery, and Flood, JJ. (Woodside, J., absent).

*James R. Fitzgerald,* with him *P. J. McArdle,* for appellants.

*Con F. McGregor*, for appellee.

OPINION BY WRIGHT, J., December 24, 1962:

In the late afternoon of March 3, 1955, at or near the intersection of West Carson Street with Tabor Street in the City of Pittsburgh, there was a collision between a trolley car of the Pittsburgh Railways Company and a motor vehicle owned and operated by John L. Carroll, in which his wife Helen Carroll was a passenger. The Carrolls instituted a trespass suit, the trial of which resulted in a verdict for John L. Carroll in the amount of $978.00, and a verdict for Helen Carroll in the amount of $22.00. The plaintiffs thereafter filed a motion for a new trial limited to the issue of damages. This motion was refused by the court en banc, and judgments were entered on the verdicts. These appeals followed.

The testimony as to liability was in sharp conflict. Appellants were proceeding down West Carson Street in the direction of McKees Rocks. It was their theory that, as they approached the intersection of Tabor Street, the traffic light was "yellow, turning to red", that a car operated by Victor Mulvihill was stopped in the right-hand lane at the intersection, that their car pulled from the right lane into the center lane and also stopped for the red light, and that the trolley car then struck them from the rear. On the other hand, it was appellee's theory that appellants' car suddenly cut over about twenty feet in front of the trolley car in order to avoid striking the Mulvihill car. Appellee's theory was corroborated to some extent by the property damage, which seemed to indicate that appellants' car was at an angle when the collision occurred.

The damage to appellants' car was stipulated to be $250.00. As to the claim of the husband-appellant for personal injuries, he testified that he did not think he was hurt at the time of the collision, but later devel-

oped pain in his neck and back. He consulted Dr. Oscar T. Ziel, who was not called as a witness. Dr. William C. Baczkowski testified that he first saw the husband-appellant on November 20, 1956, and had been treating him since, and that "this man must have been severely injured". His diagnosis was muscle spasm and limitation of motion caused by a compression fracture of the fourth lumbar vertebra. He stated that, with increasing age, "this back is going to get more rigid and become stiffer". Dr. Baczkowski testified that his bill for services to date was $150.00, that the charge of the South Side Hospital for x-rays was $55.00, and that future medication and examination "would run between $20.00 and $40.00 a year". The husband-appellant made no claim for lost wages, having continued his employment as a welder without interruption up to the time of the trial. Dr. George H. Pfohl testified for the appellee that he found no areas of muscle spasm or tenderness, that x-rays disclosed no evidence of fracture, and that the husband-appellant had fully recovered from any injuries he may have received in the accident.

The claim of the wife-appellant for damages was summarized in the charge of the trial judge as follows: "Mrs. Carroll's case is quite a small matter as these things go, she having only had a one-day loss of wages and had a $10.00 doctor bill, her loss of wages being $12.00. She mentioned, I think, about having some pain. I am not even sure whether she stated that she had any pain. I suppose she must have had some reason to go to the doctor. She doesn't make any claim of any magnitude. You must dispose of the case nevertheless".

Appellants first contend that the trial judge "erred in refusing to submit the issue of impairment of earning power to the jury". The answer is that the record is devoid of any evidence upon which the jury could

have predicated a finding that the future earning power of the husband-appellant had been impaired. Indeed, the testimony negatives such a conclusion. Loss of earning power and its amount must appear by proper and satisfactory proof, and must not be left to conjecture: *Zimmerman v. Weinroth,* 272 Pa. 537, 116 A. 510; *Longden v. Conestoga Transportation Co.,* 313 Pa. 561, 169 A. 884; *McCaulif v. Griffith,* 110 Pa. Superior Ct. 522, 168 A. 536. In the case at bar the trial judge properly refused to charge on an issue which would have resulted in a mere guess on the part of the jury. Even if we assume, arguendo, that the record would support a finding of permanent injury, that is not equivalent to a finding that earning power has been impaired: *Kmiotek v. Anast,* 350 Pa. 593, 39 A. 2d 923.

Appellants next contend that the trial judge "erred in failing to instruct the jury on the 'assured clear distance rule' ". This question was not raised by appellants' counsel either at the conclusion of the charge or in the new trial motion. While we are in accord with the view of the trial judge that the assured clear distance rule has no application in the instant case, we will not pass upon the question since it was not properly raised in the court below. See *Clark v. Rutecki,* 408 Pa. 25, 182 A. 2d 687; *Jerome v. Laurel Pipe Line Co.,* 197 Pa. Superior Ct. 131, 177 A. 2d 150. It should perhaps be noted that appellants' counsel did not take a general exception to the charge. Even had he done so, the appellate court will consider only errors which are fundamental and which could not have been corrected at the trial: *Dixon v. McNamara,* 188 Pa. Superior Ct. 250, 146 A. 2d 744.

Appellants' third and final contention is thus stated: "The jury cannot award the exact amount of the special damages where there is evidence of pain and suffering". They argue that a new trial is mandatory, citing *Todd v. Bercini,* 371 Pa. 605, 92 A. 2d 538, where-

in it was held that the court below had not abused its discretion in awarding a new trial for inadequacy of the verdict. In that case, the wife-appellee had been severely injured and was hospitalized on three separate occasions. In the instant case, the sole testimony of the wife-appellant as to pain and suffering was as follows: "Q. Did you consult a doctor as a result of this accident? A. I did. I had sort of a stiff neck and my one shoulder bothered me. I went to the doctor and he gave me some medicine and he told me to put hot applications on, which I did". The jury could well have concluded that the factor of pain and suffering was de minimis. Cf. *Nitch v. Moon*, 405 Pa. 474, 176 A. 2d 627; *Hollins v. Pittsburgh Railways Co.*, 188 Pa. Superior Ct. 141, 146 A. 2d 622; *Gottlob v. Hillegas*, 195 Pa. Superior Ct. 453, 171 A. 2d 868; *Lesoon v. Yellow Cab Co.*, 195 Pa. Superior Ct. 470, 171 A. 2d 877.

Judgments affirmed.