## Reiff v. Kitchel

*David W. Swanson,* for plaintiffs.

*R. T. Mutzabaugh,* for defendants.

WOLFE, P. J., September 18, 1973.—Defendants have filed a motion for a new trial, following a jury verdict for plaintiffs for $17,000.

Defendants advance six reasons in support of the motion, to wit, the verdict was against the evidence, the weight of the evidence, against the law, against the charge of the court and the court erred in overruling defendants' objection to plaintiff's proof and testimony intended to show plaintiff's loss of profits from his business and, the court erred in instructing the jury regarding proof of damages.

Although not abandoning all of the boilerplate reasons for new trial, defendants stress only the latter two, which we now consider.

Basically, it is defendants' position the court erred in permitting plaintiff to submit, for the jury's consideration, plaintiff's exhibit 8 which is his gross sales from his cheese wholesale business from 1969, to, and inclusive of, May 1973, and in submitting to the jury his gross sales from 1966 to, and inclusive of, 1972, together with the net profit from 1966 to, and inclusive of, 1972.

Defendants rely upon Rodgers v. Yellow Cab Company, 395 Pa. 412 (1959), and Longden v. Conestoga Transportation Company, 313 Pa. 561 (1934), to support their position.

A review of these cases and those cited therein establish it is error to submit only gross receipts of a plaintiff's business for the jury's determination in fixing damages by reason of incapacitating injuries without, and in conjunction therewith, submitting plaintiff's expenses to be deducted from the gross receipts to determine net income. The ruling is obvious, namely, to prevent the jury from engaging in mere speculation and guess work in setting a verdict. Thus, loss of profits subsequent to an injury must be shown by "proper and satisfactory proof, and not left to mere conjecture": Longden v. Conestoga Transportation Company, supra.

Plaintiff testified he was injured on March 19, 1971, while engaged in his business as a wholesale cheese distributor to various stores located in Warren, Elk, Erie, McKean and Forest Counties. It was his testimony that from the date of the accident to his recovery he had a decrease in profits of $15,900. In addition, he claimed damages for personal injuries, pain and suffering and automobile loss of $3,046.35, or a total claim of $18,946.35.

Plaintiff's computation was taken from his record books and his tax returns, and he computed both the gross sales and his estimate of profits therefrom at a rate of 20 percent of the gross.

The jury had for consideration the gross sales from 1969 to April 1973, as indicated on exhibit 8 and, in addition, plaintiff's gross sales from 1966 to 1972, as well as his net profits for those years, as indicated by exhibit 7 together with his testimony of his percentage of operating costs. Plaintiff stated his gross sales as against his net profits, as reported on his income tax

return with the operating costs out of it. He stated that the net profit figures were the actual profit he realized from conducting his business over the years as indicated on exhibit 7 and as reported on his Federal income tax return, which returns were present in court. He testified at length why his accounts increased or decreased over various years from 1966 to 1969, mainly for the reason he was deleting bad accounts and servicing smaller accounts.

We cannot agree that the case at bar is to be paralleled with the reasons for the appellate court in granting a new trial in those cases upon which defendants rely. In all of these cases, plaintiff was permitted to testify to gross receipts only, with no evidence whatsoever of costs of operation, which prompted the court to hold that gross receipts are no index to either net earnings or earning power. Here, plaintiff has stated his gross earnings and, although admittedly, did not give any details as to the expenses for each customer he serviced, he did testify his overall cost of operation was 20 percent. We must bear in mind that plaintiff was the sole proprietor of this enterprise, with no employes and used one automobile, and the only expense he could have had was his purchase of cheese and the operation of his vehicle, which, by fair inference, was the 20 percent operating cost.

We recognize plaintiff has a burden, by a fair preponderance of the credible evidence, to submit sufficient proof to the jury to make out his case of damages and to lay a foundation upon which the jury can calculate the damages without surmise. We find no case, nor has any been submitted to us, that requires the details that defendants now request. We think it is sufficient that the jury has the framework of damages in which to deliberate and to determine their reasonableness. In reviewing the court's charge, we find no error

that would justify the granting of a new trial on the issue of damages. The court repeatedly instructed the jury that it is their prerogative to place what weight they desired on the testimony concerning plaintiff's injuries as well as his damages. Indeed, the court specifically read point number four of defendants to the jury encompassing the same question defendants now claim is error.

We think plaintiff produced the proper framework for the jury's consideration of the item of damages and that, considering the nature of his business, his numerous customers and locations, this was proper procedure to submit his loss calculated on gross receipts as against net profits. The jury did not have to accept the 20 percent operating costs and were specifically instructed they could reject it if they found it was not reasonable under all of the circumstances.

For the foregoing reasons we feel that a fair and full trial was had and substantial justice was done and, therefore, make the following

## ORDER

And now, to wit, September 18, 1973, defendants' motion for new trial is denied.

Exceptions to defendants.