JUDY WORTMAN, APPELLANT, v. NORTHWESTERN BELL TELEPHONE COMPANY, A CORPORATION, APPELLEE.

240 N. W. 2d 15

Filed March 25, 1976. No. 40186.

Norman Denenberg, for appellant.

Joseph K. Muesey of Fraser, Stryker, Veach, Vaughn & Muesey, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

WHITE, C. J.

This is an action for damages arising out of personal injuries sustained in a motor vehicle collision. The plaintiff appeals from a jury verdict of $1,000. We reverse the judgment of the District Court and remand for a new trial.

On February 7, 1973, the plaintiff, Judy Wortman, while driving an automobile, stopped for a stop sign and was struck from behind by the defendant's truck. The District Court determined that, as a matter of law, the defendant's negligence was the sole and proximate cause of the accident. The only remaining question for the jury was that of damages. In its instructions to the jury, the District Court refused to give an instruction relating to the plaintiff's right to recover damages for the loss of earning capacity. The plaintiff's sole contention on appeal is that the District Court erred in refusing to give this instruction. We agree with the plaintiff.

In Baylor v. Tyrrell, 177 Neb. 812, 131 N. W. 2d 393, we dealt with the propriety of submitting an instruction on loss of earning capacity. In that case we said: "* * * impairment of earning capacity is an item of general damage and proof may be had under general allegations of injury and damage. Jacobsen v. Poland, 163 Neb. 590, 80 N. W. 2d 891; Carlile v. Bentley, 81 Neb. 715, 116 N. W. 772; Wilson v. Sorge, 256 Minn. 125, 97 N. W. 2d 477; Klingbeil v. Truesdell, 256 Minn. 360, 98 N. W. 2d 134. * * *

"The proper distinction between the two elements of damage and the factors involved in the *proof of loss of earning capacity is well stated* in a case cited by the defendant, Klingbeil v. Truesdell, *supra,* wherein it said:

'The apparent difficulties encountered in proving diminution of earning capacity have now been largely solved by our decision in Wilson v. Sorge, 256 Minn. 125, 132, 97 N. W. 2d 477, 483, where we noted that impairment of earning capacity is an item of general damages. "It permits recovery for a loss or diminution of the power to earn in the future and is *based upon such factors as the plaintiff's age, life expectancy, health, habits, occupation, talents, skill, experience, training, and industry. It is within the province of the jury to weigh all these elements and, guided by experience and common sense, to arrive at the proper monetary value of plaintiff's loss without recourse to his past earnings."* ' (Emphasis supplied.)  See, also, Riddel v. Lyon, supra; Hrabak v. Hummel, supra; Zaikaner v. Small, 256 Minn. 275, 98 N. W. 2d 247; Lieberman v. Korsh, 264 Minn. 234, 119 N. W. 2d 180.

"It being *unnecessary to plead or establish an actual loss of earnings to recover for loss of earning capacity,* we briefly allude to the evidence as to its sufficiency. Besides the general weakness, fatigue, discomfort, and pain the plaintiff has suffered, there is ample evidence in the record as to plaintiff's age, life expectancy, health, habits of work that have been interfered with, his talents, skill, training, experience, and industry.  * * *

"We therefore hold that loss of earning capacity was properly submitted, that *loss of earnings was not necessary to be pleaded or proved, and that the proof was sufficient as to the required factors establishing loss of earning capacity.*"  (Emphasis supplied.)

In reviewing the record in this case, it is clear that there was ample evidence concerning the factors named in Baylor v. Tyrrell, *supra.*  The evidence in the case at bar provided ample proof of plaintiff's age, life expectancy, health, both before and after the accident, habits, occupation, talent, skills, experience, training, and industry.  All these are the elements to be considered in determining loss of earning capacity.  She testified

how she could no longer do the work she had done previously; how she turned down full-time waitress work; and how her ability to do her housework and recreation had been impaired. Both doctors agreed that her disability was permanent at about 15 to 20 percent of her back, or body as a whole. There was no reason for the court to fail to instruct on loss of future earnings, particularly after the plaintiff had detailed evidence of all the necessary elements bearing on the issue. There was evidence of the hours she worked and the wages she earned from 1970 to 1974. In 1974 she worked over 200 hours less than she had worked in 1972 before the accident. Her background and work experience from age 16 through age 33 was established. Thus, it is clear that the plaintiff produced evidence relating to all the factors necessary to prove loss of earning capacity and that the plaintiff was entitled to have the issue of loss of earning capacity submitted to the jury.

The defendant argues that the plaintiff was not entitled to an instruction on loss of earning capacity because there was no medical testimony connecting Mrs. Wortman's injury to her inability to work as many hours. We know of no Nebraska cases that categorically require medical expert testimony relating medically established physical disability to an actual loss of future earning capacity. The factors enunciated in Baylor v. Tyrrell, *supra,* are susceptible to lay testimony. As we have pointed out, impairment of earning capacity is an item of general damage and proof may be had under allegations of injury and damage. In Siciunas v. Checker Cab Co., Inc., 191 Neb. 766, 217 N. W. 2d 824, a closely similar case, the same contention was made that the plaintiff "had minimal permanent disability as the result of the accident." The trial court submitted the issue of future loss of earnings under the doctrine of Baylor v. Tyrrell, *supra,* and the court based its decision upon a review of the lay testimony demonstrating that her disability had materially impaired her capacity to

perform tasks incident to the occupation in which she was engaged. In the case of Schwab v. Allou Corp., 177 Neb. 342, 128 N. W. 2d 835, relied upon by the defendant, there was medical testimony, as here, as to a percentage of permanent physical disability, and the court in holding that the issue of future loss of earnings should not have been submitted simply held that on the facts the plaintiff did not prove any permanent loss of earning power in her profession as a teacher, although she did show permanent injury. See Schwab v. Allou Corp., *supra*, at p. 355. The case does not hold that medical testimony is necessary to establish the future loss of earning power.

Moreover, in this case, there was medical testimony that the plaintiff had sustained a partial *permanent* disability to her back. In addition, there was testimony from several witnesses as to the effect of the injury on the plaintiff; that she could neither sit nor stand for long periods of time, nor could she engage in any strenuous physical activity. Mrs. Wortman testified that due to the pain in her back, she was unable to work as much as she did in the past. Taken together, the medical testimony concerning the injury's effect on the plaintiff, and the plaintiff's own testimony as to the injury's effect on her work, are clearly sufficient to require the submitting of an instruction to the jury on loss of earning capacity.

The judgment of the District Court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED FOR A NEW TRIAL.