MELVIN J. WASHINGTON, APPELLEE, V. AMERICAN COMMUNITY STORES CORPORATION, A TEXAS CORPORATION, DOING BUSINESS AS HINKY DINKY STORES, APPELLANT.

244 N. W. 2d 286

Filed July 28, 1976. No. 40043.

Schmid, Ford, Mooney, Frederick & Caporale, for appellant.

Warren C. Schrempp, Thomas G. McQuade, and Richard E. Shugrue of Schrempp, Dinsmore & McQuade, for appellee.

Heard before WHITE, C. J., BOSLAUGH, CLINTON, and BRODKEY, JJ., and MORAN, District Judge.

WHITE, C. J.

This is an appeal from a jury verdict and judgment in the sum of $76,000 arising out of a motor vehicle collision. The trial court directed a verdict against the defendant on the issue of liability but this is not assigned as error. The defendant, asserting that the evidence is insufficient to support the verdict, that the verdict was excessive, and error in instructions, appeals. We affirm the judgment of the District Court.

The accident took place April 11, 1972. The plaintiff was then 24 years old and had been actually employed by the state as an adult parole officer since he was graduated from college in December 1971. At the outset we point out that there is no dispute concerning the permanency of the plaintiff's injury nor the fact that the injury disabled the plaintiff from pursuing the wrestling sport. Two days after the accident the plaintiff

came under the care of an orthopedic surgeon who treated him until the time of the trial. Since these injuries are undisputed, we refer to them only briefly by way of background. The evidence supports the finding that he suffered injury to his back and to the posterior rib cage, that he has continuously suffered from pain and disability in the muscles on either side of the spine, and that this pain exists not only in the rib area, but also in the lower back area. Continuously to the time of trial, the plaintiff suffered these disabilities, which increased whenever he engaged in heavy lifting or bending. The orthopedist testified that these injuries were such that he would not have been able to compete and participate in the sport of wrestling, and that his disability was directly attributable to the injuries suffered in the April 11, 1972, accident. This evidence is undisputed and the defendant did not choose to call a qualified orthopedic surgeon of its choice to dispute the permanency, the causation, or the fact that the physical injury ended the plaintiff's sports career.

Summarizing the assignments of error in this case, the basic thrust of the defendant's contention in this appeal is that the court should not have submitted the plaintiff's loss of earning capacity to the jury. It is argued that the evidence is based upon speculation and conjecture, that evidence of contingent, uncertain future possibilities, and uncertain future happenings, is speculative and conjectural and therefore incompetent, and the verdict is excessive. It is further contended that there was prejudicial error in the giving of instructions Nos. 10, 14, and 15, for the reasons that incompetent evidence was received and more importantly, that there was no proof of past earnings as a wrestler, or from plaintiff's wrestling ability, and therefore the submission of such issue was in error.

From what we have said it is clear that there is no issue of liability in the case — no issue as to the consequential and permanent personal injuries to the back

and the muscles of the plaintiff's body. The only issues presented to this court are the sufficiency of the evidence and the correctness of the instructions in submitting the issue of loss of earning capacity resulting from the impairment of the plaintiff's ability to pursue a career in the wrestling sport, either by way of a teacher, or as a professional. We review the evidence in light of the familiar rule that requires us to resolve the conflicts in the evidence and the inferences to be drawn therefrom in favor of the plaintiff. The plaintiff had attended the University of Nebraska at Omaha and he had compiled an outstanding record as an intercollegiate wrestler. He won first place in his weight division in the NAIA wrestling tournament his sophomore and senior years, was second once, and placed third in his freshman year. His collegiate record was 103 wins and 4 losses. He was the best wrestler in the history of UNO. Expert testimony on his behalf was that before his injury he was a prime candidate for the 1972 United States Olympic team and had the qualifications to become a great international wrestler and to win a medal. There was evidence that those who compete in the Olympics and win a medal have a much better opportunity to secure employment in the coaching or professional wrestling fields. The plaintiff had continued to train regularly prior to the accident. At the time of the injury he was in excellent physical condition and had consistently demonstrated the training habits required to successfully compete in the Olympic trials. The plaintiff testified that prior to the accident he intended to try to make the United States Olympic team. The plaintiff offered no evidence of his earnings at the time of the injury or at the time of the trial that were derived from his wrestling skills. Upon cross-examination of one of the defendant's experts the plaintiff elicited testimony of the earnings of collegiate coaches. The plaintiff's medical expenses were stipulated to, and he testified that he had soreness in his back at the time of the trial and

could no longer wrestle because his back would not stand up. The evidence, without further recitation, fully supports a conclusion that because of injuries to his back that his career as a wrestler or in the wrestling sport was ended. The undisputed medical testimony is that the plaintiff had a permanent disability which will remain with him the rest of his life and eliminate his career as an outstanding athlete in the wrestling profession. The plaintiff was 26 years of age at the time of the trial and had a life expectancy of 44.90 years. His health prior to the accident was excellent. His habits of work were excellent and had included daily workouts to keep in condition. There was evidence offered and rejected that supports a finding that as a coach he could have received earnings in the range of $16,000 to $20,000 per year. The evidence shows that the plaintiff began competing in organized athletics, including football, basketball, wrestling, and track and devoted an average of 3 to 4 hours a day to athletics. He received football and wrestling scholarships to the University of Nebraska at Omaha. In high school he had wrestled competitively in organized high school wrestling, and his record was 200 wins and 7 losses. In September of 1967, he entered the University of Nebraska at Omaha and played 4 years of varsity football, as well as 4 years of varsity wrestling. He competed in the National Association of Intercollegiate Athletics and won the national championship in his sophomore and senior years. In his first year he took third place in the National Association of Intercollegiate Athletics. In his sophomore year he won the national championship in the NAIA. Outside the national championships during his collegiate years, he was state champion in the State of Nebraska, won the Colorado University tournament, was Great Plains tournament champion, was University of Nebraska at Omaha invitational tournament champion, and won the Iowa University Big Ten tournament championship. He was Rocky Mountain champion two times. We conclude from this

rather extensive recitation of the undisputed facts in the case that the evidence strongly supports the inference, apparently accepted and demonstrated in the jury verdict, that the plaintiff, besides his bodily disability, had suffered a permanent impairment of his earning capacity in a professional or coaching career in the wrestling sport. There is no merit to the contention that the evidence is insufficient to support the verdict.

The defendant nevertheless argues that the evidence is insufficient and that the instructions submitting the issue are in error because there was no evidence of his earnings from the wrestling sport or profession at the time of the injury or at the time of trial. This argument has been rejected by this court ever since Bliss v. Beck, 80 Neb. 290, 114 N. W. 162, in which this court held that a married woman could recover for her diminished earning capacity, and that it was not necessary that she had actually engaged in business on her own account, or intended to do so before her injury. We have recently rejected the defendant's contention in this respect in Wortman v. Northwestern Bell Tel. Co., 195 Neb. 637, 240 N. W. 2d 15. It is settled law in Nebraska that loss of earning capacity, as distinct from loss of wages, salary, or earnings, is a separate element of damage. It is equally well settled that a loss of past earnings is an item of special damage and must be specifically pleaded and proved. Impairment of earning capacity is an item of general damage and proof may be had under general allegations of injury and damage. Baylor v. Tyrrell, 177 Neb. 812, 131 N. W. 2d 393; Siciunas v. Checker Cab Co., Inc., 191 Neb. 766, 217 N. W. 2d 824. Proof of an actual loss of earnings or wages is not essential to recovery for loss of earning capacity. Baylor v. Tyrrell, *supra*; Wortman v. Northwestern Bell Tel. Co., *supra*. Recovery for loss or diminution of the power to earn in the future is based upon such factors as the plaintiff's age, life expectancy, health, habits, occupation, talents, skill, experience, training, and industry.

Baylor v. Tyrrell, *supra*; Wortman v. Northwestern Bell Tel. Co., *supra;* Siciunas v. Checker Cab Co., Inc., *supra;* Lake v. Southwick, 188 Neb. 533, 198 N. W. 2d 319. From our quite detailed review of the facts, it is clear that there was ample evidence to sustain the findings of the jury as to the talents, skill, experience, training, and industry in the pursuit of the wrestling sport and preparation for professional occupation and career in this area. The other evidence as to plaintiff's age, life expectancy, health, and habits sustains the presence of all these elements required as to the proof of loss of earning capacity. As we stated in Baylor v. Tyrrell, *supra,* it is within the province of the jury to weigh all these elements and, guided by experience and common sense, to arrive at the proper monetary value of the plaintiff's loss without recourse to his past earnings. We, therefore, hold that loss of earning capacity was properly submitted; that loss of earnings was not necessary to be pleaded or proved; and that the proof was sufficient as to the required factors establishing loss of earning capacity.

The defendant complains that the proof of prospective earnings of a coach or a professional wrestler fell short of adequacy and was insufficient to support the verdict. As we have pointed out such specific evidence is unnecessary for the plaintiff to recover under a general allegation of damage. But, more importantly, in this case the plaintiff offered evidence of the earning capacity of coaches and wrestlers. He specifically offered to prove that the average starting salary of a collegiate wrestling coach was approximately $20,000 per year, and that a good professional wrestler would average $500 to $1,000 per week. The defendant objected to this testimony and it was excluded by the court. The defendant is now in no position to complain of the insufficiency of the evidence. A party who objects to the evidence and causes it to be excluded, cannot obtain a reversal of the judgment as unsupported for want of the evidence so

excluded. Knudson v. Parker, 70 Neb. 21, 96 N. W. 1010. There is no merit to this contention.

The defendant specifically attacks instruction No. 14 and urges that it is erroneous because it assumes the truth of controverted facts. The instruction is as follows: "You are instructed that where a person, a competitor in a sporting or athletic event, because of his superior ability in that field, has an opportunity of being awarded, with reasonable certainty or probability, a substantial benefit to him which may be of value to him in the future, and that he is deprived of this opportunity by another, through the other's negligence, then the person so deprived thereof, may recover such damages which the evidence shows with reasonable certainty that he has suffered therefrom." It is clear from an examination of this instruction that it is stated in the abstract. Perhaps it would have been better to use the word "if" rather than the word "where." But the meaning is clear and requires the jury to find that the plaintiff is a "person" who has the abilities and requirements as set out in the instruction. Moreover, the evidence is conclusive that the plaintiff had at least superior ability in the wrestling sport, as his record, previously recited, demonstrates. The fact that the expert witnesses differed as to the description of the plaintiff as being number one does not alter the undisputed testimony that he was a person of at least superior ability. There is no merit to this contention.

Interwoven in the defendant's argument in its brief there are other contentions directly relating to the main thrust of its assignments of error, which we have dealt with. We have examined them and find they are without merit.

The judgment of the District Court is correct and is affirmed.

AFFIRMED.

MORAN, District Judge.

I respectfully dissent. There was no evidence of plain-

tiff's earnings from any source at the time of the injury or at the trial. I contend that the plaintiff had the duty to produce this evidence and I do not believe the prior decisions of this court cited in the majority opinion hold otherwise when the facts of the cases are analyzed.

In Conte v. Flota Mercante del Estado, 277 F. 2d 664, at page 669, Judge Friendly articulated much better than I can what loss of earning capacity is and what the trier of fact must do to compute damages resulting from its loss or diminution. See, also, Restatement, Torts 2d, T. D. No. 19, § 924, comment d.

Our adversary system requires an injured party to prove his damages. The plaintiff failed to prove an essential element of loss of earning capacity, and it should not have been submitted to the jury as part of his claim for damages.