## O'Callaghan v. Allstate Insurance Company

*William C. Archbold, Jr.*, for plaintiff.
*Michael R. Bradley*, for defendants.

KELLY, *J.*, December 18, 1978—At about 10:30 a.m. on May 7, 1971, plaintiff Hugh O'Callaghan was driving on Belmont Avenue in Bala Cynwyd, Pa., when his vehicle was struck in the rear by an automobile driven by defendant Kenneth J. Garrity. Following a jury trial in December 1976, plaintiff received a verdict in the amount of $56,000 against both defendant Garrity and his employer, defendant Allstate Insurance Company.

This matter is before the court on Allstate's motion for judgment n.o.v. and motion for new trial by both defendants.

Allstate's motion for judgment n.o.v. is based upon its contention that there was insufficient evidence to allow the jury to determine the issue of

agency, i.e., whether Garrity was acting within the scope of his employment at the time of the collision.

In order to allow a jury to hold an employer liable for its employe's negligent operation of a motor vehicle, there must be sufficient evidence to support a finding by the jury that the employe's use of his own automobile was reasonably necessary to perform his duties and that, at the particular time and place of the collision, the employe was acting in furtherance of his employer's business. See Cesare v. Cole, 418 Pa. 173, 177, 210 A. 2d 491, 494 (1965); Gozdonovic v. Pleasant Hills Realty Co., 357 Pa. 23, 28, 53 A. 2d 73, 75 (1947).

Defendant Garrity worked for Allstate as a senior account agent, also referred to as an outside salesman. As such, he spent a substantial amount of time on the road servicing customers and soliciting business in addition to his regular stops at the office for appointments, meetings and other duties such as answering questions on the phone. Occasionally, Garrity also worked at home; he took an income tax deduction for the business use of his residence phone and had his home telephone number printed on his business card.

Allstate neither provided cars for its senior account agents nor did it pay for the maintenance of their vehicles. However, Joseph Vitale, Jr., Allstate's district sales manager in 1971, testified that salesmen did in fact have to use their cars in order to service customers and report to the office. Moreover, Garrity stated that he took an income tax deduction for his own automobile and gas used on business travel.

Garrity also testified that he had not yet engaged in any business transactions on the morning of May 7, 1971, prior to the collision. However, he said

that, having stopped to cash a check, he was on his way to the office when he hit plaintiff's car. Since Garrity generally arrived at the office between 9:45 a.m. and 11:00 a.m. at least three days per week, and since he had clients in the vicinity of the collision, his location at the time of the accident was not out of the ordinary. Thus, regardless of the amount of independent judgment afforded senior account agents in servicing their clients and securing new customers, the jury could well have found that, at the time of the accident, Garrity was acting in furtherance of Allstate's business in a manner which is dictated by the type of work which he was employed to perform. See American Security Life Ins. Co. v. Gray, 89 Ga. App. 672, 80 S.E. 2d 832 (1954).

This is not a case in which the purported agent was merely driving to his place of employment when he injured plaintiff. Rather, as a senior account agent and insurance salesman for Allstate, Garrity was in effect required to use his personal automobile in order to perform the duties for which he was employed. His job necessitated the use of his own car because he had to call on clients and prospective customers in addition to regularly checking in at Allstate's office. Thus, we agree with the Court of Appeals of Georgia which held that, since the employe was using his car for the benefit of his employer rather than just for his own convenience, the company may be held liable for plaintiff's injuries. See id. Allstate's motion for judgment n.o.v. will, therefore, be denied.

Defendants' motion for a new trial concerns the admissibility of evidence of plaintiff's athletic prowess which they claim was irrelevant and improper. This contention is clearly without merit.

Evidence tending to show that plaintiff's earning *capacity* has been lessened is admissible regardless of the amount of his actual earnings: Saganowich v. Hachikian, 348 Pa. 313, 316, 35 A. 2d 343, 345 (1944).

In Carroll v. Pittsburgh Ry. Co., 200 Pa. Superior Ct. 80, 187 A. 2d 293 (1962), the only case cited by defendants on this point, the court approved of the trial court's refusal to submit the issue of impairment of earning power to the jury because "the record is devoid of any evidence upon which the jury could have predicated" such a finding: Id. at 83-84, 187 A. 2d at 295. Carroll is therefore distinguishable from this case in which it was demonstrated that plaintiff's ability to pursue some of his athletic endeavors was stifled. Here, ample evidence was presented to prove that plaintiff's future earning capacity was lessened due to injuries sustained in the collision with Garrity. See Washington v. American Community Stores Corp., 196 Neb. 624, 244 N.W. 2d 286 (1976).

Finally, defendants contend that they were prejudiced by two erroneous evidentiary rulings of the trial court. They claim that evidence showing that Allstate paid for the damage to plaintiff's car should have been excluded since "the law favors amicable adjustment of legal differences." This claim is deficient in two respects: first, since defendants do not challenge the jury finding of negligence on the part of Garrity, whether evidence of an offer of settlement contributed to this finding is inapposite; second, the evidence complained of was admitted, not to show negligence, but as a factor in determining whether Garrity was acting within the scope of his employment.

Similarly, defendants' claim that the case was

tainted by the jury's knowledge that an insurance company could be held liable for the damage awarded is without merit. It is only the gratuitous mention of the fact that a defendant has liability insurance that is prohibited: Nicholson v. Garris, 418 Pa. 146, 210 A. 2d 164 (1965). In this case the jury had to determine the issue of agency and could not be shielded from the identity of Garrity's employer.

## ORDER

And now, December 18, 1978, defendant Allstate Insurance Company having made a motion for judgment n.o.v. and both defendants having made a motion for a new trial, it is hereby ordered and decreed that said motions are denied.